COWEN v. VOYER et al.

(Supreme Court, Appellate Division, Third Department.  January 14, 1903.)

1. CONVERSION—COMPLAINT—INSUFFICIENCY.

>A complaint in an action to recover money alleged to have been wrongfully appropriated by defendants to their own use averred that defendants, stockbrokers, promised to purchase for plaintiff 10 shares of stock, and that the plaintiff paid to them $30 on account, which defendants had wrongfully converted, but did not aver whether defendants were to advance the balance of the price, or to purchase in the name of plaintiff and pledge his credit therefor. The terms of the contract under which the purchase was to be made were not set out, and there was no allegation that plaintiff had demanded the money. *Held*, that as there was nothing to show that defendants were not entitled to mingle the $30 paid on account with their own funds, or that they were in any way in default, the complaint was demurrable.

Appeal from special term, Albany county.

Action by Joseph W. Cowen against Alfred J. Voyer and another. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, and CHASE, JJ.

Peter A. Stephens and Daniel J. Dugan, for appellant.

Eugene D. Flanigan, for respondents.

PARKER, P. J.  If it were clear that the defendants took the plaintiff's money for a certain purpose, agreed to apply it to that purpose, but instead of doing so appropriated it to their own use, then a cause of action would undoubtedly lie to recover it back. But are there sufficient facts averred in this complaint to show that such a condition exists? Take the first item as illustrating them all. It is charged that the defendants, doing business as stockbrokers, promised to purchase for the plaintiff 10 shares of Brooklyn Rapid Transit stock, and that the plaintiff paid to them on June 11, 1901, $30 on account of the purchase price thereof. What are we to understand were the legal relations of the parties by reason of the facts there stated?

It cannot be supposed that they agreed to purchase the whole 10 shares for the $30, for the statement is that it was "on account" of the purchase price. Were the defendants to advance the balance of the purchase price for the plaintiff, or were they to purchase in the name of the plaintiff and pledge his credit therefor? Neither of those methods is averred, and we have no right to assume that either was agreed to. Were the defendants to make the purchase as soon as the plaintiff had paid or advanced to them the whole purchase price, or what part was to be advanced before the purchase was made? We do not know, because no averment is made upon that subject. We do know that the defendants rightfully received the $30 from the plaintiff, but we do not know that the contract under which they so received it has ever been violated by them. If they were to purchase the stock with it as soon as the plaintiff paid them enough more to make up its market price, then the defendants are not in

default, and may hold the $30 until the remainder is paid them. If the conduct of the defendants has been such that the plaintiff may repudiate the contract under which the $30 was paid to them, then probably he would have an action to recover it back. But in this complaint the facts averred do not show such conduct on the defendants' part. We can say that they are in default with reference to the $30 only by assuming that they agreed to at once advance the money to make the purchase,—a fact which, it seems to me, we have no right to assume. The trouble is that the terms of the contract under which the defendants received the $30 are nowhere stated, and hence there is nothing to show whether the defendants were or were not in default in making the purchase or using the money.

There is nothing in the averments of the complaint to show that the defendants were obligated to preserve this particular $30 for the purchase of the stock. It was "paid" to the defendants "on account," and when received by them they might well put it to their own credit in bank and mingle it with their own funds. Hence the averment that the defendants had appropriated the $30 to their own use is of no particular force. Nor does the averment that the defendants had refused to account for the $30 add anything to the strength of the plaintiff's claim. There is nothing averred showing that the defendants were, at that time, obligated to either purchase the stock or account for the money. It is to be noticed that there was no demand for a repayment of the $30, no repudiation of the contract under which it was paid to the defendants, and, as said above, nothing to show the defendants in default under that contract. It was very easy to state the full contract agreement between the parties, and just what the defendants' obligations under it were, just precisely wherein they had made default, and just why the plaintiff had the right to recover the amount of the $30 he had paid to them. For some inexplicable reason the pleader seems to have preferred a more condensed way, and has thus fallen just a little short of stating a cause of action. The demurrer was well taken, and the judgment thereon must be affirmed.

Interlocutory judgment affirmed, with costs, with usual leave to amend on payment of costs. All concur.