———o———

STATE to use of S. C. MAJOR, *et al.*, Respondent, *vs.* Prior M. JACKSON, *et al.*, Appellant.

1. *Deed of Trust—Sheriff appointed trustee—Action against, on his bond.* Under § 1 of the statute of 1855, touching trusts and trustees, (R. C. 1855, p. 1554.) an action will not lie against a sheriff on his official bond for moneys collected by him under a deed of trust, acting in the place of a deceased trustee, where the appointment was made on the affidavit of the. maker of the deed. Under a proper construction of that statute, the person making the affidavit should be the creditor, or some person who has an interest in the collection or coercion of the debt.

*Appeal from the Howard Circuit Court.*

*E. B. Adams,* for Appellant.

I. The statute only authorizes the court to act on the suggestion and upon the affidavit of a person interested in the debt or liability secured by the deed of trust. That is to say, the person who makes the affidavit applying for the appointment of the sheriff, must have an interest in the debt or liability secured by the deed of trust, and it cannot be done by the debtor himself who has no such interest, and has no right whatever to initiate such proceedings for the foreclosure of the mortgage.

*Prewitt,* for Respondent.

I. The motion in arrest of judgment should be overruled. Viley, the surviving partner, was a party interested and had a right to file the affidavit asking for the appointment of the sheriff. (Gen. Stat. 1865, 154, § 1.)

II. The object of the statute is to have a trustee in existence, who may proceed to close the trust when required by the proper parties. The statute does not say the parties to whom the debt or liability is due, but any party interested may have the trustee appointed.

III. The sheriff having received the money sued for upon the sale made by him under said appointment, cannot question the right of parties for whose benefit the sale was made, to demand and receive the same, nor can his surities. (State to use of Pepler vs. John Sholl, 47 Mo., 84 ; Mississippi County vs. Jackson, *ante,* 23 ; Story on Agency, § 217.)

WAGNER, Judge, delivered the opinion of the court.

The material and controlling question in this case is brought up by the motion in arrest of judgment. The suit was instituted on the official bond of the defendant Jackson, as Sheriff, to recover from him and his sureties certain moneys, which it is alleged came into his hands, arising from a sale of lands made by him under a Deed of Trust.

The allegation in the petition is, that John Viley executed

a Deed of Trust to one Fray as Trustee, to secure the payment of debts therein specified to Fray and others; and that Fray died without carrying out the provisions of the trust. That Viley, who made and executed the trust deed, filed his affidavit asking the court to appoint the sheriff to act instead of the trustee, and enforce the provisons of the said deed of trust. That the appointment was accordingly made, and that the sheriff proceeded to sell the land, and that he received on the sale the money which is here sued for, which he neglected and failed to pay over.

In the Circuit Court, judgment was rendered against the defendants. Whether they are responsible, depends upon the validity of the appointment of the sheriff to act as Trustee.

The proceeding is governed by the revised Code of 1855, and the law then in force declares "If any Trustee in a Deed of Trust, to secure the payment of a debt or other liability, shall die or become insane, or remove from the State, without having completed the performance of the duties imposed upon him by the Deed of Trust, any person interested in the debt or other liability secured by such Deed of Trust, may prepare his affidavit, stating the facts of the case specifically, and present the same to the Circuit Court of the County in which the property or estate conveyed by such Deed of Trust, or a part thereof, may be situated." (2 Rev. Code. 1855, p. 1554, § 1.)

The next succeeding section makes it the duty of the court, if it is satisfied that the facts stated in the affidavit are true, to make an order appointing the Sheriff of the County, Trustee to execute the trust.

It will be observed that the law requires, that the affidavit should be made by some person interested in the debt or liability.

The unmistakable meaning of this is, that it should be the creditor or some person who has an interest in the collection or the coercion of payment from the debtor. It was never contemplated that the affidavit or application for the appointment of the sheriff to act as trustee, and execute the provisions of the trust, should be made by the debtor, the maker of the deed.

Such a construction would lead to great mischief, and be productive of injustice. In case of the death, absence or disability of the trustee, the debtor might watch his opportunity, and obtain an appointment and have the land sold and bid it in for his benefit, or sacrificed, when there would be no one apprised of the fact, or present to protect the interest of the creditor. The whole proceeding and sale are in the nature of a foreclosure of the equity of redemption, and surely a mortgagor cannot foreclose a mortgage against himself without consulting the mortgagee. Nor can a debtor bring suit against himself in favor of his creditor. Yet in effect that very thing was done in this case. Viley being the debtor, and the person who executed the Deed of Trust, was incompetent to file the affidavit and have the Sheriff appointed as Trustee. He had no authority for the proceeding, and the consequence is, that the appointment and the sale thereunder is void. No deed has yet been made to the purchasers. And the deed would convey no title, as there was no authority to sell. Having arrived at this conclusion, it is unnecessary to discuss the question of the statute of limitations, which was raised in the case.

The judgment must be reversed. The other Judges concur, except Judge Adams who did not sit.