120 127|
90a 118|

## McClintock, *Appellant*, v. Central Bank of Kansas City.

### Division One, February 5, 1894.

1. **Bank:** CAPITAL STOCK: LOAN: STATUTE. A bank having made a loan to an individual in excess of twenty-five per cent. of its capital, *held*, under section 2758 (R. S. 1889), that the loan is valid and enforceable, at least to the limit of twenty-five per cent. of the capital.

2. ——: ——: ——. A pledge of capital stock, effected by a transfer in blank on the back of the stock certificate (which was pinned to the note whose payment it secured), is valid in respect of form.

3. **Execution Sale:** STOCK: PLEDGE. A purchaser of stock at execution sale under an attachment against the original pledgor, acquires it subject to the pledge.

4. **Bank:** CAPITAL STOCK: PLEDGE: CONVERSION. Where, upon maturity and nonpayment of the loan, the pledgee, with assent of the pledgor, transfers such stock to a third person for a less sum than that it was pledged to secure; and there is no proof that the stock pledged was worth more than that sum, it is held that the pledgee is not liable for a conversion of the stock, the debt still remaining unpaid.

5. ——: ——: ——: EXECUTION. Where stock, pledged as collateral, is levied on and sold under process, the purchaser can not be deprived of his rights under the levy by any arrangement between the pledgor and pledgee thereafter made.

6. **Appellate Practice:** RULING ON EVIDENCE: WAIVER. Where the trial judge, in ruling upon a question of evidence, makes a remark to which exception is taken, it is necessary to assign that action, in some manner, in the motion for new trial; otherwise it can not be reviewed on appeal.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*S. E. Cheeseman* for appellant.

(1) The admitted allegation of plaintiff's petition shows the incorporation of defendant bank under the laws of the state, with a capital stock of $50,000; defendant's amended answer shows an illegal loan, to wit, $13,062.81, for which the stock was pledged as collateral. R. S. 1889, chap. 42, art. 7, sec. 2758. (2) Illegal acts can not be made the subject-matter of a defense to an action at law. *Tracy v. Talmage*, 14 N. Y. 162; *Crocker v. Whiting*, 71 N. Y. 161; *Pratt v. Eaton*, 18 Hun (N. Y.), 293; *Smith v. Company*, 4 Ala. 558; *Bank v. Swain*, 8 Ohio, 257; *Orr v. Lacey*, 2 Doug. (Mich.) 230; Green's Brice's Ultra Vires [2 Ed.], p. 729, note *a*; *Fowler v. Scully*, 72 Penn. St. 456; *Railroad v. Turner*, L. R. 8 Ch. App. 152. (3) It is against the policy of the law to permit a state bank to make a loan of its business capital to a stockholder, taking as the security therefor, shares of its own capital stock theretofore sold to him. R. S. 1889, secs. 2745, 2758; *Coppier v. Company*, 38 Ohio St. 275–279; *Bank v. Wulfelkulder*, 19 Kan. 60; Cook's Stock and Stockholders, sec. 309, and authorities cited; secs. 313 and 533 and authorities cited; 1 Morawetz on Priv. Cor. [2 Ed.], secs. 112, 113. (4) The loan being illegal, the pledge of the stock to secure the same is also illegal and contrary to public policy; defendant's amended answer after the general denial clause should have been stricken out. See authorities *supra*. (5) The stock of a company, being incorporeal property not capable of manual delivery, can not be made the subject

of a valid pledge, by a mere leaving of the certificate in the hands of the pledgee, so as to shut out the rights of attaching creditors acquired subsequent thereto, without notice of the same. 18 Am. and Eng. Encyclopedia of Law, p. 607, note 5, and p. 611; *Nisbit v. Bank*, 12 Fed. Rep. 686; *Wilson v. Little*, 2 N. Y. 443. (6) By making a private sale of the stock to Thayer, the defendant bank was guilty of a conversion of the same. *Fowle v. Ward*, 113 Mass. 548; *Hemppling v. Burr*, 26 N. W. Rep. 496; 2 Story's Eq. Jur. sec. 1008; *Garlick v. James*, 12 Johns. 146. (7) Where stock is pledged, in order to divest the pledgor's title the pledgee must pursue one or the other of two remedies; file a bill in equity for the foreclosure and sale of the pledge, or give notice to the pledgor of an intent to sell, and sell at public auction, after advertising the sale. Cook on Stock and Stockholders, secs. 476, 477, 478 and 479; *Vanpell v. Woodward*, 2 Sand. Ch. 143; Story on Bailments [9 Ed.], sec. 310; *Tucker v. Wilson*, 5 Bro. Par. Cases, 193; *Brown v. Ward*, 3 Duer, 660; *Chouteau v. Allen*, 70 Mo. 330. (8) If the pledgee by his own voluntary act places the pledge beyond his own power to restore it, it is a waiver of the pledge. *Sickles v. Richardson*, 23 Hun (N. Y.), 559; *Bank v. Dows*, 68 Iowa, 460; *Buck v. Ingersoll*, 11 Met. (Mass.) 226; *Legg v. Willard*, 17 Pick. (Mass.) 140; *Jacob v. Latour*, 5 Bing. 130; *Sweet v. Brown*, 5 Pick. (Mass.) 178; *Whittaker v. Sumner*, 20 Pick. (Mass.) 399; *Lee v. Bank*, 2 Cin. Sup. Ct. 298-312; *Allgear v. Walsh*, 24 Mo. App. 142; *Paul v. Hayford*, 22 Maine, 234; Jones on Chattel Mort. [3 Ed.], sec. 7, p. 8; Drake on Attach. [6 Ed.], sec. 540; *Moore v. Bank*, 52 Mo. 377; *Bank v. Bank*, 105 U. S. 217. (9) The lien of a pledge can not be separated either from the possession of the pledge, or from the debt, so that to make an effectual sale both must pass to the assignee.

*Whitney v. Peay*, 24 Ark. 22; *Johnson v. Smith*, 11 Humph. (Tenn.) 396; *Lewis v. Bummer*, 12 Abb. Pr. N. Y. 305.    (10) The court erred in using before the jury the following language, viz.: "I do not think that the bank cashier's statement as to the amount of the indebtedness is binding upon the bank, for if that were so, a cashier would have power to wreck any bank in the country."    R. S. 1889, Code of Civil Proc., sec. 2188.    (11) The court erred in refusing to strike out all of the evidence of the witness Thayer, as to any indebtedness due from P. C. Cowling to the bank. Authorities *supra*.    (12) The court admitted improper and incompetent evidence on the part of defendant, over plaintiff's objections.    R. S. 1889, sec. 2186; Cook on Stock and Stockholders, sec. 486; *Railroad v. Paine*, 29 Gratt. (Va.) 502; *Railroad v. Griffith*, 76 Va. 913.

*F. W. Griffin* and *F. M. Hayward* for respondent.

BARCLAY, J.—The case amounts to this.    Plaintiff sues the defendant bank for conversion of fifty shares of its capital stock, of the par value of $5,000, which he claims to own.    His title rests upon a purchase of it for the price of ten dollars, under an execution against Mr. Cowling, in whose name the stock originally stood on the books of the bank.

The execution sale to plaintiff was based on a levy upon the stock, September 6, 1888, as the property of Cowling, at which time the cashier of the bank furnished to the levying officer a certificate to the effect that the judgment debtor owned fifty shares of the stock, subject to an incumbrance of $6,000.

Plaintiff demanded of the bank after the sale, a transfer of the stock to him, which was refused.

The present defendant, on the trial of this cause

in the circuit court, gave uncontradicted evidence to prove (and the jury found as facts in response to instructions) that, at the time of plaintiff's attachment of Cowling's interest in the stock, the same was held by the defendant bank as collateral security for the payment of an indebtedness, owing by Cowling to the bank, amounting to $6,000 or more; and that it yet remained unpaid. The jury were told if they found these facts to return a verdict for defendant, which they accordingly did.

Plaintiff appealed, after the usual steps to that end.

It does not seem essential to state the pleadings or the evidence at large. The foregoing is a general sketch of the controversy, sufficient for present purposes. Any matters of detail that may be thought important will be mentioned further on.

I. The first objection questioning the correctness of the circuit judgment is that defendant could not assert a lien upon the stock as collateral to secure the indebtedness of Cowling, because it was ascertained March 20, 1888, to be $13,062.81; for which amount Cowling then delivered his renewal note to the bank. This transaction, plaintiff claims, was illegal and void in view of the statute declaring that no company shall permit any individual to become at any time indebted to it in a sum exceeding twenty-five per cent. of its capital stock, actually paid in. (R. S. 1889, sec. 2758).

The capital stock of the bank, it will be assumed, as plaintiff contends, was then $50,000. It will be seen that said note, to the extent of $561.19, was in excess of the amount specified in the statute quoted.

Without developing other less obvious answers to the above contention, there is one which meets it so plainly as to dispense with the necessity for further considering it.

The statute does not in terms declare void all con-

tracts of loan to one person in excess of one-fourth of the capital stock. It forbids a loan beyond that amount, but impliedly sanctions one to that limit. The transaction is not intrinsically immoral; and, whatever view may be taken as to such contracts when fully executed, it is obvious that, as the excess of the loan over the prescribed limit is readily severable from the part which is within that limit, the loan is valid at least to the extent defined; in this case to the amount of $12,500. *Kerrison v. Cole* (1807), 8 East, 231. Within the limits of the statute Cowling would clearly be liable upon his agreement to pay, and his collateral pledge would be valid as security for that amount at least.

It is not necessary in the present action to further examine into the meaning of that statute.

II. It is next asserted that the pledge of the stock was invalid as to plaintiff in respect of its form. It appears that it was effected by an assignment or transfer in blank, signed by the debtor, the pledgor, on the back of the stock certificate; and the latter was pinned to the note. This was sufficient.

Plaintiff was notified, before he bought the interest of the pledgor at the execution sale, that it was subject to a charge or "incumbrance." Under the law of Missouri his purchase did not, in such circumstances, destroy the effect of the pledge already made. This is too plain for discussion.

III. But then it is declared that the later action of the bank amounted to a conversion of the stock, and renders it liable to plaintiff for its value.

After plaintiff's levy upon the stock, the debt of Cowling became due; and, being unpaid, the bank officers agreed with him to accept the stock at 102 per cent. and credit his indebtedness with the proceeds ($5,100). This was done, and the stock then trans-

McClintock v. Central Bank of Kansas City.

ferred by the bank to another person, who stood ready to, and did, accept it at the figure last mentioned. These facts, plaintiff asserts, constituted a conversion of the stock.

But it must be remembered that there has been no payment, tender, or offer to pay the amount of the indebtedness which the stock was pledged to secure, and this is an action to enforce legal, as distinguished from equitable, rights. Plaintiff has at no time asked to redeem. The evidence shows that the sale of the stock did not realize a sufficient sum to discharge the debt.

Neither is there any proof in the case that the true value of the stock, when sold, or at any time, exceeded the sum for which it was pledged.

There is nothing, therefore, before the court which, by the most liberal construction of the law of bailment, could be held as proving that plaintiff was either entitled to the immediate possession of the pledged stock or to any part of the proceeds of its sale. The transfer by the pledgee, even though we assume it wrongful, did not have the effect to wipe out the debt, which the stock was pledged to secure. Until that debt be in some wise got out of the way, plaintiff has no legal right to the stock or its proceeds.

This is but a statement of elemental principles of the law of pledges, and no elaboration of it is needful at this time. *Talty v. Freedman's Savings, etc., Co.* (1876), 93 U. S. 321.

Nor is it necessary, perhaps, to remark that, while no arrangement between the attachment debtor and the bank, after plaintiff's levy on the stock, could in any respect deprive plaintiff of the full effect of that levy, the latter certainly did not enlarge the debtor's interest in the stock or deprive the bank of any of its rights as pledgee, existing at the time of the levy.

IV. Error is also assigned upon a remark by the judge during the course of the trial, in ruling upon a point of evidence. But as no objection to the verdict on that score was made or intimated, in any manner, in the motion for new trial, that matter is not properly before us for review.

No such objections are available upon appeal unless presented for the revisory action of the trial court by proper motion. If not so presented, they are to be considered waived. [R. S. 1889. secs. 2085 and 2302; *Warner v. Morin* (1850), 13 Mo. 455; *Cowen v. Railroad* (1871), 48 Mo. 556; *Vineyard v. Matney* (1878), 68 Mo. 105.]

These comments dispose of all the points which appear to call for remark.

Finding no error, we affirm the judgment. BLACK, C. J., BRACE and MACFARLANE, JJ., concur.