ANNA M. DAVIS and CHARLES L. DAVIS, her Husband, Appellants, v. A. W. RIEWE ARCHI-TECTURAL REALTY AND BUILDING COM-PANY et al.

**Division Two, March 21, 1912.**

**FRAUDULENT CONVEYANCE: Corporations: Payment for Capital Stock.** R organized a corporation, of which he owned all but two shares of the stock, paying for the stock by con-veying real estate to the corporation. His wife joined with him in conveying her homestead and dower interest in the property only upon agreement by the corporation that her interest should be reconveyed to her in other property when-ever the homestead property should be sold by the company. After the corporation had become insolvent it conveyed the property in suit to a trustee for R's wife. *Held,* that the con-veyance to the trustee was voluntary, without consideration and a fraud on the plaintiff, a creditor of the corporation. The corporation had no power to make any agreement to return any consideration paid for its capital stock.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

REVERSED AND REMANDED (*with directions*).

*F. A. & L. A. Wind* and *F. X. Geraghty* for appel-lants.

The deed was fraudulent as against plaintiffs. (a) It was fraudulent in fact, under the evidence and with-out any consideration to the company. (b) If a valid agreement, such as is claimed could be shown by com-petent evidence, it would be a fraud upon the plaintiffs and other creditors of the corporation, to permit such agreement to be carried out when the corporation was hopelessly insolvent, after the company had obtained credit on the strength of its ownership of the property and without any notice to creditors of the secret agree-

ment. Riley v. Vaughan, 116 Mo. 169; Singer Mfg. Co. v. Stephens, 169 Mo. 1. (c) The corporation could not agree, nor could any officer or promoter, agree in its name to return any consideration paid for its capital stock. Haskell v. Sells, 14 Mo. App. 102; Joy v. Manion, 28 Mo. App. 60.

*William Zachritz, A. R. Taylor* and *Morris Tucker* for respondents.

(1) We contend that since the original agreement is founded on a valid and good consideration and the transfer to Mrs. Riewe was made in pursuance to that agreement, thereby fully executing the same, it is incumbent on the plaintiff to show by proper evidence: 1st. That Mrs. Riewe knew that the corporation, in transferring the property to her, intended to hinder and defraud the creditors. 2d. That she actually participated in the fraud. The plaintiff has wholly failed to prove either proposition. Morgan v. Wood, 38 Mo. App. 264; Shelley v. Boothe, 73 Mo. 74; Albert v. Besel, 88 Mo. 150; Frederick v. Allgaier, 88 Mo. 601; Sexton v. Anderson, 95 Mo. 379. The evidence conclusively shows that in transferring the property to the corporation under the agreement with its president, she became the first creditor of the corporation and that the corporation's indebtedness to her anteceded all other obligations. (2) A party can prefer a creditor and pay any valid indebtedness by sale of part of its assets in the absence of fraud. Foster v. Mill Co., 92 Mo. 87; Meyer v. Folding Chair Co., 130 Mo. 188; Shuflelt v. Smith, 131 Mo. 280. (3) He who comes into a court of equity, must do so with clean hands. This is another, and we think controlling reason, both in law and equity, against the plaintiff. Without any dispute after she was given ample security for her debt, she, by arangement with the president of the

241 Sup.—17

corporation, failed and neglected to put her deed of trust on record.

ROY, C.—This is an action to set aside a conveyance as being in fraud of creditors. It was tried in the circuit court of the city of St. Louis, resulting in a judgment for defendants, from which plaintiffs appeal.

In October, 1904, A. W. Riewe organized and incorporated the A. W. Riewe Architectural Realty and Building Company, with an ostensible capital of $50,000, of which he owned all but two shares.

Riewe paid for his capital stock by the conveyance to the corporation of a lot of real estate. His wife joined in the conveyance. The testimony of Mrs. Riewe and her husband is to the effect that at the time of that conveyance she owned an interest in the homestead which was part of the property conveyed. The title was in the husband. She had inherited about two thousand dollars and had made a thousand or fifteen hundred dollars by sewing and keeping boarders, all of which had gone into the property. She refused to sign the deed unless she should have the value of her interest in the homestead and the value of her inchoate dower interest in the other property reconveyed to her in other property whenever the homestead property should be sold by the company. In order to induce her to make that deed the company, acting through her husband, agreed to her proposition. She and her husband and son and Mrs. Prante testified to such a contract. She with her son went soon after to California and remained about eleven months. A part of the realty conveyed to the company was Riewe Terrace. On December 30, 1905, the company contracted with the plaintiff to build some flats for her to cost $9800. She advanced it $8000 on a note and deed of trust executed by the company. She did not record her deed of trust until June 9, 1906, by which time the

property included therein had been incumbered to such an extent as to make her security worthless.

The homestead was sold in October, 1905, for $5500, and on April 14, 1906, the property in controversy, subject to an incumbrance, was conveyed to Nettie Prante, a defendant, as trustee for Mrs. Riewe, the equity being worth about $5500. At that time the company has hard pressed. It owed at least fifteen thousand dollars of unsecured bills and had no ready money. Its realty was incumbered, and soon thereafter was foreclosed. The corporation was clearly insolvent at the time of the transfer to Mrs. Riewe. There is no evidence that she knew at that time of the indebtedness to the plaintiff.

## OPINION.

I.   The corporation had no power to make any agreement to return any consideration paid for its capital stock, and of course no officer or promoter of the corporation had any such power. Nor had they any power to agree to turn that consideration over to a third party, even though that third party furnished that consideration. It stands conceded that the property conveyed by the joint.deed of the husband and wife was made in payment for the capital stock of the corporation. Mrs. Riewe knew the corporation was being organized, and we have a right to infer that she knew that the property conveyed by her and her husband was in payment for the capital stock. Section 8 of article 12 of the State Constitution provides: "No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

In Garrett v. Mining Co., 113 Mo. l. c. 339, it was held: "The contract that the corporation, when organized, should issue stock as fully paid up, when in fact the proposed payment was intentionally fictitious,

was an agreement that it would perform an act *ultra vires,* and which a court of equity will not enforce. [Tobey v. Robinson, 99 Ill. 233; Railroad v. Mowatt, 12 Jur., pt. 1, 407; Le Warne v. Meyer, 38 Fed. 191.]

Plaintiff and the other defendants who were parties to the illegal agreement stand *in pari delicto,* and neither can enforce the contract against the other. [Green v. Corrigan, 87 Mo. 370; Kitchen v. Greenabaum, 61 Mo. 116.]

As to the subsequent creditors, Mrs. Riewe was *in pari delicto* with her husband in making the contract, the effect of which was to reduce the act of payment for the capital stock *pro tanto* a mere sham and a fraud on such creditors. Such being the case, the conveyance of the property to her trustee in April was voluntary, without consideration, and a fraud on the plaintiff.

The judgment and decree is reversed and remanded with direction to enter up a decree in accordance with this opinion. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.