ST. FRANCOIS COUNTY BANK, A CORPORATION, APPELLANT, v. E. K. HAWN, RESPONDENT.*

St. Louis Court of Appeals. Opinion filed June 21, 1927.

1.—**Banks and Banking—Capital Stock—Increase—Notes Given Bank in Payment for Shares—Liquidation—Enforceable—Statutes.** A note executed in renewal of notes given a bank in payment for shares of stock, representing a portion of an increase of its own capital stock **held** enforceable by the bank in the hands of the state finance department for liquidation, section 11740, subdivisions 6 and 7, Revised Statutes 1919, prohibiting a bank from making a loan or a discount on the security of its stock or from

making a loan of its funds to enable any person to pay for or hold shares of its stock, and section 11761 authorizing a bank to increase its capital stock when the full amount of said proposed increase has been bona fide subscribed and paid in cash to the board of directors of said bank, are a limitation of the powers of a bank and do not render a transaction between the buyer and the bank void on the purchase of its stock for other than cash.

2.—Corporations—Contracts—Ultra Vires—Good Faith—One Deriving Benefit—Enforceable. An ultra vires contract is enforceable where it has been entered into in good faith and the party seeking to repudiate the contract has derived some benefit or advantage thereunder.

---

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, p. 596, n. 17; Corporations, 14aCJ, p. 324, n. 1; p. 326, n. 12.

Appeal from the Circuit Court of St. Francois County.—Hon. Peter H. Huck, Judge.

REVERSED AND REMANDED.

*Davis & Damron* for appellant.

(1) Neither section 11761 nor 11740, Revised Statutes of Missouri 1919, relied on by respondent, makes void a note taken by a bank for subscription to its capital stock. The taking of the note for stock not being *malum in se,* the note is not void unless the statutes expressly so provide or clearly so intend. Farmers Mech. Savings Co. v. McCabe, 73 Mo. App. 551; York v. Farmers Bank, 105 Mo. App. 127, 140-1; McClintock v. Bank, 120 Mo. 127; Welch v. Ferd Heim Brewing Co., 47 Mo. App. 608; Glass v. Ferd Heim Brewing Co., 47 Mo. App. 639; Vette v. Geist, 154 Mo. 27; Miles v. Bank, 187 Mo. App. 230; Peoples Trust Co. v. Pabst, 113 N. Y. App. Div. 375; 3 A. L. R., 59 to 61 Inc.; Nelson v. Leiter, 190 Ill. 414; Insurance Co. v. K. C. Ft. S. & M. Ry., 149 Mo. 165. (2) A contract of a corporation, though *ultra vires,* is enforceable, unless *malum in se,* or *malum prohibitum.* York v. Farmers Bank, 105 Mo. App. 141; City of Goodland v. Bank, 74 Mo. App. 365; Mt. Vernon Bank v. Porter, 52 Mo. App. 244. (See, also, cases cited under paragraph Nos. 1, 3 and 4.) (3) The *ultra vires* contract is unquestionably enforceable where it has been entered into good faith, and the party seeking to repudiate the contract has derived some benefit or advantage thereunder. In such circumstances the State only can question the transaction. Question cannot be raised in collateral proceedings. Miles v. Bank, 187 Mo. App. 230; York v. Farmers Bank, 105 Mo. App. 140-1; City of Goodland v. Bank, 74 Mo. App. 372; Mt. Vernon Bank v. Porter, 52 Mo. App. 248; Hall v. Bank, 145 Mo. 418; St. Louis Drug Co. v. Robinson, 81 Mo. 18; Grohmann v. Brown, 68 Mo. App. 630; Weyrich v. Grand Lodge, 47 Mo. App. 398; St. Joe Ins.

Co. v. Houck, 71 Mo. 469; Winscott v. Investment Co., 63 Mo. App. 367. (4) As in the above cases, these principles of law have been widely approved by courts of various States as well as by Federal courts. (5) Unless there is substantial evidence to support the verdict of a jury, it is the duty of the appellate court to reverse the judgment thereon. Blanchon & Bartholomees v. Distilling Co., 200 Mo. App. 610; Orchard v. Smith, 193 S. W. 574; In re Lankford Est., 197 S. W. 147; Bibb v. Grady, 231 S. W. 1020; Busse v. White, 259 S. W. 458. (6) A verdict founded upon mere conjecture and speculation, or when it is a result of passion and prejudice on the part of the jury, should be set aside. Bates Co. Bank v. Mo. Pac. Ry. Co., 98 Mo. App. 330; Empey v. Grand Ave. Cable Co., 45 Mo. App. 422. (7) The giving of an instruction which, in its nature is a comment on the character and evidence of witnesses, or which submits issues not made by the evidence, is error for which a cause should be reversed. State v. Gabriel, 256 S. W. 765; Hely v. Hineman, 260 S. W. 471; Finn v. United Railways, 267 S. W. 416.

*Boyer & Smith* for respondent.

DAUES, P. J.—This is an action on a note brought by plaintiff, appellant here, under the direction of the State Department of Finance of the State of Missouri, the bank having failed and was then in the hands of the State Finance Department for liquidation. The note is for $743.05 with interest, and the petition prays for $75 attorneys' fees under the terms of the note. There was a judgment for the defendant, from which the plaintiff has appealed.

The petition is in usual form.

The answer admits the corporate existence of the bank and that it was in the hands of the State Department of Finance; admits that the defendant executed the note described in the petition and filed, and that he delivered it to plaintiff bank at the time alleged in the petition, but avers that the note was given wholly without consideration. Further answering, it is alleged that the note was given to plaintiff by defendant as a renewal of a previous note, which previous note was given for subscription to an increase of the capital stock of the bank to be effected under section 11761, Revised Statutes, Missouri 1919; that the defendant has never received four shares of stock; that no money or other thing of value except the unsecured note in the suit and those of which it is a renewal passed from the defendant to the plaintiff for such subscription for the shares of stock in the increased capitalization; that no stock certificate or other thing of value was ever delivered to the defendant as a consideration or purported consideration of the note sued on, nor for the original note of which the note in suit is a renewal, but that, if such stock was ever placed upon the books of the bank to the

credit of defendant, or a stock certificate issued in his favor, same was retained by the bank as security for the purported loan to this defendant represented by the original purchase of stock subscription note aforesaid and all subsequent renewals thereof. And it is then pleaded that the note is void under the provisions of section 11761, and is void because of subdivisions 6 and 7 of section 11740, Revised Statutes, Missouri, 1919, and also is against public policy.

The reply is conventional.

The controversy involves one distinct proposition of law. It is contained in the pleadings, was contested throughout the trial and is embodied in the instructions. The defendant maintained, and the court below shared that view, that the note sued on is void if it was a renewal of original notes given for stock in the bank, because section 11761 of our statutes makes it a condition precedent to the increasing of the capital stock that such increase may be effected only when the full amount of such purposed increase has been subscribed in good faith and paid *in cash* to the Board of Directors of said bank, and further reliance is had on subdivisions 6 and 7 of section 11740 of the statutes which, it is argued, show a legislative intent to make such transaction void.

The bank maintains that neither section 11761 nor 11740, Revised Statutes, Missouri, 1919, make void a note taken by a bank for a subscription to its capital stock; that the taking of the note or stock is not *malum in se;* that the note is not void unless the statute expressly so provides or clearly so intends. Further, if the contract of the corporation is *ultra vires* it is enforceable, unless *malum in se,* or *malum prohibitum.*

This presents a very interesting and somewhat novel question of law in this State.

Subdivisions 6 and 7 of section 11740, Revised Statutes, Missouri, 1919, are as follows:

"6. Shall not make any loan or discount on the security of the shares of its own capital stock, or be the purchaser or holder of any such shares, unless such security or purchase shall be necessary to prevent loss upon a debt previously contracted in good faith, and stock so purchased or acquired shall be sold at public or private sale, or otherwise disposed of, within six months from the time of its purchase or acquisition unless the time is extended by the bank commissioner. Any bank violating any of the provisions of this subdivision shall forfeit to the State the amount of the loan or purchase."

"7. Shall not knowingly lend, directly or indirectly, any money or property for the purpose of enabling any person to pay for or hold shares of its stock, unless the loan is made upon security having an ascertained or market value of at least fifteen per centum more than the amount of the loan. Any bank violating the pro-

visions of this subdivision shall forfeit to the State the amount of the loan.''

Observably, then, subdivision 6 is intended to prohibit a bank from making a loan or a discount on the security of its stock. Subdivision 7 prohibits a bank from making a loan of its funds to enable any person to pay for or hold shares of stock, and provides a penalty against an offending bank doing so.

Section 11761 authorizes and permits a bank to increase its capital stock ''when the full amount of said proposed increase has been bona fide subscribed and paid in cash, to the Board of Directors of said bank.''

Now, unless it is manifest and clear from a reading of the statute that such statute makes such notes, taken in payment of its increased capital stock, void, it must be held that this note is not void because of the statute. The proof, in view of our holding that the case was tried on an erroneous theory of law does not become decisive in this appeal. Briefly, plaintiff introduced the note and showed the liquidation of the bank, and produced evidence as to a reasonable attorney fee for conducting this suit, and then rested in chief.

Defendant took the stand in his own behalf and testified that the note in suit was a renewal of notes for the purchase of purported bank stock; that he at no time received credit or stock for the original notes or the note in suit, saying: ''I believe they paid one or two little dividends;'' that he never paid any money for such stock. He said he was induced by an officer of the bank to give his notes for these four shares of a proposed increase in the capitalization, and that he could pay same off from time to time; then, he signed two notes which were renewed later by the one note now in suit. He admitted, on cross-examination, that he was handed a stock certificate and signed it and returned it to the bank, or rather that the bank allowed him to sign same but did not give it to him; that he did not ''have actual possession of it;'' that he signed same to identify the stock, and that it was his understanding that same was to be turned over to him when he wanted it.

Mr. Allen, president of the bank, testified for plaintiff in rebuttal that he made the sale of the stock to defendant and that the original notes were sold to Mr. Ramsey but held by the bank for collection, and the note in suit was given to the bank to pay off the original notes held by Ramsey. Whether the money was actually given defendant to pay the notes, or whether the bank paid Ramsey, cannot be determined from this record. It appears very clearly, we think, that the present note was a renewal of the former notes; nothing more or less. Defendant, being recalled, testified that when he gave this note, the two old notes were returned to him by the bank, cancelled.

Then, considering the facts as contended for by the defendant, that this note was a renewal of original notes which were given for such stock, he admits the stock was handed him; that he signed it and received dividends on it. Plaintiff, after a quibble, in fact admits that the note was a renewal of the stock notes, in effect at least: We then have for our present purpose the one defense in the case, and that is whether the statute makes such contract void. As we read the statutes, we find no expressed provision declaring such to be void, nor is there any manifest intention apparent in the language of the statutes to make same void. The provisions of the statutes are a limitation of the powers of a bank, and we cannot read the intention into the statute that the transaction between the buyer and the bank is void on the purchase of the stock for other than cash. [Farmers Mech. Savings Co. v. McCabe, 73 Mo. App. 551.]

In the early case of McClintock v. Bank, 120 Mo. 127, 24 S. W. 1052, our Supreme Court considered the question of a loan made by a bank in excess of 25 per cent of its capital stock. This was prohibited by statute. The court decided that the contract was not void because the statute did not in terms declare void all contracts or loan to one person in excess of 25 per cent of its capital stock, and that defendant was at least liable up to 25 per cent of its capital.

An Illinois case (Nelson & Co. v. Leiter, 190 Ill. 414, 60 N. E. 851) likewise decided a very similar case, holding that such notes were collectible although the transaction was forbidden by statute unless there is an expressed declaration in the statute declaring such notes not to be collectible.

Now, subdivisions 6 and 7 of section 11740 provide that a bank violating such subsections shall forfeit to the State the amount of the loan or purchase. This is a penalty. Does this not really imply that the notes taken for stock in violation of the statute shall be collectible and enforceable, but that the offending bank shall pay a penalty for a violation of the statute? If it be treated that such notes are not collectible in the first instance, then the statute would really work a double penalty, one losing its note to the purchaser and the other paying a penalty to the State. This statute provides only for such penalty to the State. It does not include, as we read the statute, a declaration that the original transaction should be void.

In the briefs we are cited to no Missouri cases involving the legality of a stock note, and we ourselves have been unable to find one.

We are cited to the case of Hepburn v. Kincannon, 74 Miss. 691, wherein the Supreme Court of Mississippi had a case before it identical as to the facts and questions involved here, except that in that case it was a National Bank which issued the stock and took a note for same. There the court decided that the receiver of the bank could recover on notes given for stock in violation of national bank laws.

And it is further the law, as we understand it, that an *ultra vires* contract is unquestionably enforceable where it has been entered into in good faith and the party seeking to repudiate the contract has derived some benefit or advantage thereunder. In such a case the State only can question the transaction. [Miles v. Bank, 187 Mo. App. 230, 173 S. W. 713.]

The above principles have found root in other jurisdictions as well as in this State.

In National Bank v. Matthews, 98 U. S. 621, it was held that although the statute prohibited a loan on real estate by national banks, the bank having such loan secured by deed of trust could enforce the collection of the note by selling the land. The language of the opinion is to the effect that such contract is binding unless declared to be void in the statute. [See, also, Hall v. Bank, 145 Mo. 418, 46 S. W. 1000.]

In Bowditch v. Life Ins. Co., 141 Mass. 292, it was held that a corporation making a loan in good faith to a director in violation of the statute, acquired title to bonds given as security.

In Walden National Bank v. Birch, 130 N. Y. 228, it was held that a borrower could not attack a loan made to him by a national bank on its stock if the statute does not declare such transaction void.

In Bond v. Terrell Mfg. Co., 82 Tex. 313, it was held that one making a loan of money in excess of corporate powers was not permitted to say such loan was void. [See, also, Welch v. Brewing Co., 47 Mo. 619; Thornton v. National Exchange Bank, 71 Mo. 221.]

From the cases referred to, and from a consideration of fundamental principles of law, we think that the defense made does not avail. Suppose the bank had parted with its stock on an open account, receiving neither cash nor a note for same. It would be a violation of the statute, yet could it be said that the bank could not recover on an open account for the value of the stock? We think not. Then, at best, plaintiff could have abandoned the note and sued on the account and recover. The statute contemplates that the bank must get cash for its stock and not give the stock away on anything but cash. The transaction of selling the stock for notes being forbidden, the bank violated the statute and the defendant entered into the same contract and accepted the stock in violation of the statute, though no penalty is attached to the purchaser.

We are asked to construe these statutes as manifestly meaning that the creditors and depositors should be made to pay this penalty and the person entering into the forbidden contract, one who received the stock without paying cash, shall be given the benefit of such statute by releasing him on his note. This is not the intention of the statute in our opinion. We therefore conclude that the lower court has adopted an erroneous construction of the statute in allowing the defense that the holder of the note could not recover because

sam'e was given on bank stock, and for that reason the judgment must be reversed.

It will be noted that reliance is not had upon article 12, section 8 of our Constitution, and so that point is not here, and if here we would be divorced of jurisdiction. We are limited to a construction of the statutes relied upon.

A case from Texas (Mason v. First National Bank, 156 S. W. 366), is diametrically opposed to our views as herein expressed. That case, however, was brought under the Constitution, which is similar in that respect to our Constitution, but we decline to follow the reasoning therein contained.

We have examined the Missouri cases which might throw some light upon the subject, even by analogy, to-wit: McDaniel v. Harvey, 51 Mo. 198; Davis v. Realty Co., 241 Mo. 256, 145 S. W. 424; Hunter v. Garanflo, 246 Mo. 131, 151 S. W. 741, and Swing v. Cider & Vinegar Co., 77 Mo. 391. The Supreme Court cases do not direct us to a contrary view. The language in the Swing case, supra, from this court does hold that a note made in consideration of an act forbidden by law is void. That rule cannot be followed unqualifiedly, especially under the peculiar facts and circumstances here presented.

We must remember that while this suit is brought by the bank, the bank has failed, and is being liquidated for the benefit of all creditors and the suit is brought at the direction of the Finance Department of the State. It is not, then, strictly a suit between the bank and defendant. The point is not made, but there are authorities which hold that the renewal note is supported by sufficient consideration on the former notes and that the renewal waives any plea of failure of consideration where the maker is in possession of all the facts of the illegality of the first.

Judgment reversed and cause remanded. *Becker* and *Nipper, JJ.,* concur.