BIESMANN v. BLACK HILLS UNITED MINING COMPANY, et al. KARRELS, Respondent, and BERTOLERO, et al, Appellants.

(264 N. W. 518.)

(File No. 7844. Opinion filed January 11, 1936.)

*Kellar & Kellar*, of Lead, for Appellants.
*Francis J. Parker*, of Deadwood, for Respondent.

RUDOLPH, J.   Plaintiff brought this action against the defendants, Black Hills United Mining Company, a corporation, C. L. Allison, William P. Tieszen, Isaac P. Tieszen, R. A. Vallier, and Henry Karrels.   The cause of action alleged in the complaint is based upon a certain promissory note, which it is alleged the defendants made, executed, and delivered to the plaintiff.   The defendant Karrels filed an answer wherein he set forth certain alleged defenses, and "by way of cross-complaint" to plaintiff's complaint, the answer of Karrels sets forth the following:

"First.   That the Miners' & Merchants' Savings Bank is now, and was at all times hereinafter alleged, a banking corporation, organized, existing and doing business under and by virtue of the laws of the State of South Dakota.

"Second.   That John Bertolero was a stockholder, director and the treasurer of United Mining Corporation, a Missouri corporation, and was also a stockholder, director and an officer of the Miners' & Merchants' Savings Bank, a South Dakota banking corporation, at all times hereinafter alleged.

"Third.   That this defendant is informed and therefore alleges the following facts in regard to the receipt of, purposes for which said bonds were delivered to said United Mining Corporation, a Corporation, and the delivery of the same to John Bertolero, as a director and officer of the Miners' & Merchants' Savings Bank of Lead, South Dakota, and to said Bank, and the subsequent conversion of said bonds by said John Bertolero as such director and by said bank, to-wit:

"(a)   That the note referred to in plaintiff's complaint, con-

tained the following guaranty clause and acknowledgment of receipt of said bonds by the principal of said note, to-wit, United Mining Corporation:

"'It is understood and agreed by and between the parties hereto, the above note is given as guarantee of the safe return of $12,500 in bonds which are loaned, as an accommodation, the above parties guaranteeing the return of said bonds to Mr. Geo. A. Biesmann per the dating of the above note.

      "'United Mining Corporation

        "'By R. A. Vallier, President.

"'Attest: C. L. Allison, Secretary.'

"(b) That said Vallier and Allison, as president and secretary respectively of said United Mining Corporation, did, on or about August 4, 1931, receive from plaintiff said bonds in behalf of said United Mining Corporation, it being expressly understood at the time of the delivery of said bonds to said officers of said Corporation and the delivery of said bonds were made by said plaintiff to them for said Corporation, that they were to used for the specific purpose of qualifying the said Miners' & Merchants' Savings Bank as a registrar of the stock of said United Mining Corporation and were not to be used by said Corporation for any other purpose whatsoever.

"(c) That within a short time after the receipt of said bonds by said United Mining Corporation from said plaintiff, said bonds were delivered to said John Bertolero as such officer for said Bank at said Bank's place of business in the City of Lead, South Dakota, and at the time of the delivery of said bonds to said Bank, said John Bertolero, as a director and officer of said Bank, as well as the Bank, had knowledge of and well knew that said bonds were deposited with them to be used for the specific purpose aforesaid, and none other.

"(d) That the plaintiff was at all times referred to in this cross-complaint, a stockholder and director of the United Mining Corporation.

"(e) That said John Bertolero as a stockholder, director and officer of the Miners' & Merchants' Savings Bank, a South Dakota State Bank, and said Banking Corporation, *and with the consent, knowledge and acquiescence of the plaintiff, did on or about Octo-*

*ber, 28, 1931, divert the use of said bonds, in that they permitted said R. A. Vallier as president of United Mining Corporation to execute to said bank in the name of said Corporation, a demand promissory note, dated October 28, 1931, for $8,000, payable to the Miners' & Merchants' Savings Bank of Lead, South Dakota, and said Bank used said bonds as a pledge to secure the payment of said promissory note;* all without the knowledge, consent or permission of this defendant and contrary to the purpose and definite use for which said bonds were originally placed in said Bank.

"Fourth. That this defendant, as one of the alleged guarantors of said note, was prevented from carrying out the terms of said Guaranty to return said bonds to said plaintiff, *by reason of the diversion thereof by said plaintiff and the other defendants,* John Bertolero as a director and officer of said Bank, and by said bank.

"Wherefor, this answering defendant prays:

"1. That said John Bertolero and said Miners' & Merchants' Savings Bank, a corporation, be made parties defendant to this action, and that in case the plaintiff should recover against either of said defendants, they have judgment over against said John Bertolero and said Miners' & Merchants' Savings Bank for the same amount.

"2. That the plaintiff's complaint be dismissed upon its merits with costs."

Subsequent to the serving of the answer of the defendant Karrels, the court issued its order to show cause directed to John Bertolero and Miners' & Merchants' Savings Bank, ordering them to show cause why Bertolero and the bank should not be made parties defendant. After a hearing on the order to show cause, the trial court entered its order, as follows: "It is further ordered that said defendants John Bertolero and Miners' & Merchants' Savings Bank be brought in as parties defendant in this action and that the proceedings be amended to include them as defendants."

This is an appeal by Bertolero and the bank from the order thus entered.

Section 2321, R. C. 1919, is as follows so far as here material: "When a complete determination of the controversy cannot be had

without the presence of other parties, the court must cause them to be brought in."

It is not claimed that Bertolero and the bank are liable upon the promissory note, which furnishes the basis for plaintiff's cause of action. It appears to be the theory of the defendant Karrels that Bertolero and the bank, knowing of the agreement under which the bonds were delivered by the plaintiff in the first instance, became converters of these bonds when they used them for a purpose other than the purpose for which they were delivered by the plaintiff, and that the conversion of these bonds by Bertolero and the bank has made it impossible for Karrels to return the bonds to the plaintiff as he and the other defendants agreed to do under the clause in the note set forth in the so-called cross-complaint. In the prayer of his answer defendant Karrels asked: "* * * That in case the plaintiff should recover against either of said defendants, they have judgment over against said John Bertolero and said Miners' & Merchants' Savings Bank for the same amount."

It seems clear to us, however, that under the allegations of the so-called cross-complaint no liability is shown so far as Bertolero and the bank are concerned. As stated above, the only claimed liability is that Bertolero and the bank are liable as in conversion. The italicized portion of the cross-complaint as set out herein states very definitely that the alleged diversion of the bonds from the purpose for which they were originally delivered was "with the consent, knowledge and acquiescence of the plaintiff." This allegation must of necessity relieve Bertolero and the bank from any liability in conversion. To constitute conversion, nonconsent to the possession and disposition of the property by the one entitled to the possession thereof is indispensable. Van Dusen & Co. v. Arnold, 5 S. D. 588, 59 N. W. 961. Under the allegations as set forth in the cross-complaint, the right to the possession of the bonds was at all time with the plaintiff subject to the right to the bank to hold the bonds for the purpose of qualifying it as a registrar of the stock of the defendant corporation, and the right of the corporation to have them held for this purpose. When the corporation, the bank, and the plaintiff agreed as alleged in the cross-complaint, to use the bonds for something other than qualify-

ing the bank as a registrar of the stock, certainly the bank was not guilty of a conversion of the bonds. It might be that, if the plaintiff has agreed to some disposition of the bonds which makes impossible "their safe return * * * as per the dating of the note," this will be a complete defense to any liability on the note, so far as the defendant Karrels is concerned, but this does not fix any liability upon the bank or Bertolero or make them proper parties in this case.

The order appealed from is reversed.

All the Judges concur.