PERRY v. MUSSER, *Appellant.*

1. **Pleading :** DAMAGES. A petition which seeks to hold defendants liable for failure to proceed with diligence to collect a note, is fatally defective if it fails to allege that plaintiff was damaged by the failure.

2. **Pleading** : CONVERSION. If the cause of action relied on is the conversion of plaintiff's property to defendant's use, that fact should be directly alleged in the petition. It is not sufficient to allege it inferentially, or to state facts which constitute the evidence of conversion.

3. **Conversion.** The facts alleged in the petition in this case, *Held*, not to constitute a conversion.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROAD-DUS, Judge.

*Shanklin, Low & McDougal* for appellant.

*Crosby Johnson* for respondent.

HENRY, J.—The substance of this petition, is that on the 15th day of November, 1866, plaintiff and defendant entered into a co-partnership for the purpose of dealing in hogs; that as such partners, on the 21st day of December, 1866, they sold a lot of hogs to one Hersey for $2,362.50, for which Hersey executed two notes for $1,181.25 each, payable one in six, and the other in twelve months from that date with interest; that on the 8th day of January, 1867, they made a final settlement, and accounting as co-partners, and dissolved their co-partnership, which said settlement and accounting was reduced to writing; that by the terms of said written agreement the defendant was to take said notes, which should be his property on condition that they were paid when due, and if defendant collected the two notes he was to pay to plaintiff $560 with interest; that defendant, as soon as said notes became due, should proceed with due diligence to collect the money, and if not collected when due, the notes were to be the property of plaintiff and defendant, who were to equally bear any loss upon them; that said notes were transferred and delivered to defendant, that one of them was paid at maturity; that defendant did not use due diligence in presenting the other note when it became due; that defendant afterwards instituted suit upon it in the State of Kansas, and in 1869 obtained a judgment thereon, and in 1870, without the knowledge or consent of plaintiff, released said judgment, took other notes from Hersey payable to himself for the amount, and a mortgage on land to secure

the same; that Hersey has since paid a portion of said debt, but how much, plaintiff is not advised; that by reason of defendant's failure to use diligence to collect said notes, and of his conversion of the same to his own use and releasing said judgment, he became liable to pay to plaintiff said sum of $560.

The defendant's answer is an admission of the facts alleged, except a failure on his part to exercise proper diligence, and a denial that the settlement made on the 8th day of January, 1867, was reduced to writing, and avers that the only agreement between the parties reduced to writing was the following: "This agreement made this 8th day of January, 1867, between Solomon Musser and D. R. Perry, of Caldwell county, Missouri, Witnesseth, that, whereas, said Musser and Perry have sold a lot or lots of hogs to F. P. Hersey and taken notes therefor, dated December 21st, 1866, and payable to Hall and Rice, one at sixty days for $1,181.25, and one at ninety days for $1,181.25, and upon settlement it appears that there is now $560 due from said Musser to said Perry, should these notes be paid to said Musser or his order; now, therefore, it is agreed between the said parties that said notes and the proceeds thereof, are to be the property of said Musser, conditioned upon their payment when due, and if he collects them, then he is to pay said Perry the said sum of $560, and the balance of the proceeds he is to retain. But should default be made in the payment of said notes, and the same be not collected when due, then said notes are to be the property of said Musser and Perry jointly, and they are to bear the loss upon them equally, share and share alike."

He also denied that the notes were assigned or delivered to him, and alleged that they were payable to Hall & Rice, and indorsed by them to plaintiff, but left in the possession of said Hall & Rice in the State of Kansas. The replication admitted the written agreement set out in the answer to be the same alleged in the petition. On the trial

plaintiff introduced as evidence the said written agreement and rested.   Thereupon defendant asked the court for the following declaration of law, which was refused. "Under the pleadings and evidence in this cause the plaintiff cannot recover, therefore the finding and judgment ought to be for defendant."

It is difficult to determine what is the cause of action relied upon by plaintiff for recovery.   The petition alleges a neglect to present the note for payment, and seems also to rely upon a conversion of it by defendant to his own use.   It does not state a cause of action based upon defendant's failure to exercise due diligence to collect the note, because it is not alleged that plaintiff sustained any damage whatever in consequence of such neglect.   If he obliged himself by the written agreement of January 8th, 1867, to proceed with diligence to collect the note, a failure to do so did not necessarily entitle plaintiff to a recovery against him.   It does not allege that Hersey was solvent when the note became due, and became insolvent afterwards, and that plaintiff was, therefore, damaged by defendant's negligence, or that he was otherwise damaged thereby.

*1. PLEADING: damages.*

With regard to the other cause of action which we may assume the pleader intended to state, it is not directly alleged that defendant converted the note to his own use, and all that is said on that subject is, "that by reason of defendant's conversion of the two said notes of $1,181.25, each, to the defendant's own use, and of his failure to use due diligence in the presentment and demand of payment of said two notes, and releasing the aforesaid judgment, &c., defendant has become liable to pay to plaintiff said sum of $560, &c."   It states mere evidence which, no doubt, the pleader regarded as proving a conversion, but this is not sufficient.   "If in trover the plaintiff alleges a demand and refusal, but omits to aver a conversion, the declaration is ill, the demand and refusal being only evidence of a conversion, which is the

*2. PLEADING: conversion.*

gist of the action." *Watriss v. Pierce*, 36 N. H. 239; Chitty on Pl., (16 Am. Ed.) p. 248.

But assuming that the petition is good in form, do the facts alleged and relied upon as a conversion constitute a conversion of the notes by the defendant to his own use? If by the agreement of January 8th, 1867, the property became the property of defendant, then he could not be guilty of a technical conversion of the notes to his own use. One cannot, by converting his own property to his own use, give a cause of action to another. If the notes continued the property of the partnership, notwithstanding that agreement, the acts of defendant in regard to the judgment obtained by him were not necessarily a conversion, for all that he did he may have done as a partner, and in that case it inured to the benefit of the firm. There is no allegation to the contrary in the petition. The plaintiff had no right to recover on the agreement, unless the notes were collected, or unless said agreement bound plaintiff to use diligence in endeavoring to collect the same, and he failed to use such diligence to the damage of plaintiff. It is not alleged that the notes were paid in full at or after maturity. The pleader seems to have attempted to blend in one count two distinct causes of action, neither of which is sufficiently stated.

The court should have sustained the demurrer, and the judgment is reversed and the cause remanded. All concur.

REVERSED.