## GEORGE W. VAN DUSEN & CO. v. ARNOLD *et al.*

1.  Where, in an action to foreclose a chattel mortgage, the answer alleges that the mortgagee took possession of the mortgaged property without

authority, and retains and uses it against the will of the mortgagor, and predicates thereon a claim of conversion, and the trial court finds that such allegations is not sustained, but does find that the mortgagee took possession of the property, and has continued to use it since such taking, neither finding being attacked as unsupported by the evidence, there is no conversion, for the element of nonconsent by the mortgagor, without which there could be no conversion as to him, is expressly found to be unproved.

2. Failure of the trial court to allow the mortgagor for rents and profits of the mortgaged property so used, or to order an accounting thereon, cannot be assigned as error, where the trial court was never asked or given opportunity to make such allowance or require such accounting.

(Syllabus by the Court. Opinion filed Aug. 13, 1894.)

Appeal from circuit court, Beadle county. Hon. A. W. Campbell, Judge.

Action to foreclose a chattel mortgage. Judgment for plaintiff and defendants appeal. Affirmed.

The facts are stated in the opinion.

*T. H. Null*, for appellants.

*Melville* and *Chamberlain*, for respondent.

A conditional sale does not pass title. Rogers v. Whitehouse, 71 Me. 222; McFarland v. Farmer, 42 N. H. 386; Armington v. Honeton, 38 Vt. 448; Shelton v. Manchester, 12 R. I. 326; Hine v. Roberts, 48 Conn. 267; Waite v. Greene, 36 N. Y. 556; Boon v. Moes, 70 N. Y. 465; Cole v. Berry, 42 N. J. 308; Stadfelt v. Hutchinson, 92 Penn. 53; Williams v. Connoway, 3 Houst 63; Van Duzot v. Allen, 90 Ill. 499; Putnam v. Lamphier, 36 Cal. 151; McClelland v. Nichols, 24 Minn. 176; Aultman v. Mallory, 5 Neb. 178; Hunter v. Warner, 1 Wis. 141; Fifield v. Elmer, 25 Mich. 48; Foedeck v. Scholl, 99 N. E. 235; Benj. Sales, 359; Benner v. Puffer, 114 Mass. 376. The purchaser cannot maintain trover though the contract be complete and binding, if anything material remains to be done before title passes. Dennes v. Alexander, 3 Barb. N. Y. 50; Frost v. Woodruff, 54 Ill. 155; Foster v. Ropes, 111 Mass. 10; Mason v. Thompson, 18 Pick. 305; Riddle v. Varnum, 20 Pick 280; McClurg v. Kelley, 21 At. 508; 4 Am. E. Enc. Law,

107; Herring v. Hoppoch, 15 N. Y. 409. A party to support trover must at the time of conversion have had complete property either special or general in the chattel and the actual possession thereof or the right to possession. 4 Am. E. Enc. Law, 117; Stephenson v. Little, 10 Mich. 433; Hotchkiss v. McVickar, 12 John 403; Cook v. Howard, 13 John, 276; Fulton v. Fulton, 48 Barb. 581; Fairbanks v. Phelps, 22 Pick. 535; Kemp v. Thompson, 17 Ala. 9; Glaze v. McMillan, 7 Park. 279; Taylor v. Howall, 4 Black. 317; Barton v. Dunning, 6 Id. 209; Hastle v. Skull, 1 Toyl. 52; Stack v. Littlefield, Harp. 298; Cooley Torts, 442; Owens v. Weedman. 82 Ill. 409. He must show a right to the possession of the chattel at the time of the conversion. Burton v. Tannehill, 6 Blackf. 470; Caldwell v. Cowen, 9 Yerg. 262; Gage v. Allison, 1 Brev. 496; Andrews v. Shaw, 4 Dev. 70; Fairbanks v. Phelps. 22 Pick. 535; Grady v. Newby, 6 Blackf. 442; Redman v. Gould, 7 Id. 361; Jones v. Sinclair, 2 N. H. 319; Street v. Nelson, 80 Ala. 230; Clark v. Draper, 19 N. H. 419; Ames v. Palmer, 42 Me. 197; Winship v. Neale, 10 Gray, 382; Hudson v. Goff, 3 S. E. 153. He must show some property in the chattel. Whitcombe v. Hungerford, 42 Barb. 185; Clapp v. Glidden, 39 N. E. 448. Trover will not lie for goods sold on condition, if the condition is not complied with on demand. Woodcock v. Farrell, 1 Metc. 437; Farmers v. McKee, 2 Pa. St. 318.

KELLAM, J. In June, 1888, respondent, who was the owner of a line of elevators and warehouses, 13 in number, along the Dakota Central Railway, from Huron to Pierre, made a conditional sale of the same to appellants, respondent retaining the title as security for the purchase price. Subsequently, and on the 2d day of July, 1888, as security for the unpaid portion of the purchase money, appellants gave back to respondent a chattel mortgage on all their "right and interest in" said property. That on the said 2d day of July respondent and appellants entered into an agreement by which ap-

pellants were to purchase, sell, and handle wheat, grain, seeds, coal, salt, and other property for respondent at the various points where these elevators and warehouses were located, appellants to receive compensation therefor as in said agreement provided. That afterwards, to-wit, November 8, 1888, appellants gave respondent a further agreement, conditioned that "whenever said [last mentioned] contract and commission business shall end, said G. W. Van Dusen & Co. shall have the possession and use, free of charge, of all said buildings and premises and the tools and appliances for handling, shipping, and disposing of the said property until all said property on hand at such determination shall be disposed of, and G. W. Van Dusen & Company may retail and sell out such property therefrom without interference or paying rent therefor, but G. W. Van Dusen & Company will use all reasonable diligence to bring the business to an end, and shall pay over to said N. E. Arnold & Company all profits realized on the sale of said property, over cost, expenses, and interest, as provided in said July contract. And it is further agreed that any and all interest, title, and right which said Arnolds, or either of them, have or may hold in or to said buildings, premises, tools, and appliances shall be, and are hereby, assigned to said G. W. Van Dusen & Company as and for security of the faithful execution of said commission business, and for any debt or balance that may be due from said Arnolds, or either of them, to said G. W. Van Dusen & Company." On the 1st day of July, 1889, by virtue of said chattel mortgage, respondent took possession of the several warehouses described therein, of which appellants were notified in writing, and that respondent would proceed to foreclose such chattel mortgage. From that time on, as found by the referee, respondent "used the same for the purpose of warehouses, handling and storing of grain and other merchandise." On the 6th day of July respondent commenced this action to foreclose the chattel mortgage and the contract. Of the issues raised by the pleadings and the conditions of the

several agreements referred to it is not necessary now to speak particularly, as the errors assigned do not reach back of the findings.    The case was tried before a referee, whose findings of fact and conclusions of law were by the court confirmed and expressly adopted and made its own.    Upon these findings and conclusions the court rendered judgment for respondent and against appellants in the sum of $24,521.45 and costs, and that the mortgaged property be sold to pay the same.    From such judgment this appeal is taken.

Appellants contend that the judgment is erroneous for the reasons.    (1) Because it is for a larger amount than the referee found due;    (2) because the taking possession of the property and using it as found by the referee constituted a conversion by respondent, and destroyed its lien under the mortgage; and (3) because the court made no allowance to appellants for the rents and profits of the property during the time it was so held and used by respondent.    These grounds of objection to the judgment will be considered in the order named.

Whatever was due respondent, if anything, arose from two distinct claims, to-wit, the elevators sold, and the contract for handling grain, coal, salt, etc.    The latter claim is made up of several constituent claims growing out of liabilities provided for in the contract, and connected with the purchase, sale, and handling of distinct items of produce or property.    Each of these elemental claims seems to have been made the subject of a separate finding by the referee, and while, at first, we were inclined to regard the report less clear and perspicuous than desirable, we think, upon a closer study of its plan and figures, that the findings are reasonably clear and definite upon every item or claim, and that they directly lead to and support the judgment which the court predicated upon them.    Beginning with the fifteenth finding and ending with the twenty-third, the referee has taken each account separately, and found the amounts due the respondent or appellants thereon respectively.    Adding together the credit and debit balances of each as found in the

several findings, and striking a general balance, the result is $2,193.45 due respondent; and this accords exactly with the twenty-third finding, in which that sum is returned as the amount due respondent on account of all transactions under the contract. If at first there should appear to be any ambiguity in the statement of either of the several accounts, the difference in whose aggregate balances must be the amount due from one or the other of the parties in this contract, the twenty-third finding, with which, as we have seen, the others are consistent, leaves no doubt as to the meaning of the findings generally upon this branch of the case. The amount so found due to respondent on transactions under this contract is, with the amount conceded to be unpaid on the purchase price of the elevators, the amount for which the court rendered judgment. We think the appellants' point of error is not well taken.

It is next claimed by appellants that the use of the elevators by respondent as found by the referee constituted a conversion by respondent, which extinguished its lien. By their answer appellants allege that respondent took possession of this property without authority, and retained and used it for general warehouse purposes against the will of appellants. This allegation the referee finds is not sustained by a preponderance of the evidence, but he does find and report that respondent took and retains possession and uses the same "for the purpose of warehouses, handling and storing of grain and other merchandise." It thus appears that the referee found against appellants as to the very essential fact that might constitute the use of the property a conversion. Nonconsent by appellants was indispensable to constitute any use of the property by respondent a conversion. The findings, the correctness of which is not challenged, do not present a case requiring a discussion of the question of what use may rightfully be made by a mortgagee of mortgaged property of which he has taken possession for forclosure, for no use, if consent-

ed to by the mortgagor, would constitute a conversion. The referee finds and reports the fact and the manner of respondent's use of the property, but expressly finds that the very element which would go to make such use a wrong against appellants, or conversion was not proved. Whether respondent's continued use of the property was rightfully and acquiesced in by appellants, as an exercise of the right secured to it by the contract of November 8th, as claimed by respondent on argument, is immaterial in view of these findings. We think there is no error here.

The last claim of appellants is that they should have been allowed for the rents and profits of the property during its possession by respondent. Abstractly, there may be justice in this suggestion, but upon this record the ready answer to such claim is that error ought not to be charged against a trial court for failing to do what it has never been asked or given opportunity to do. Neither in the answer nor as appears upon the trial did appellants ask to be allowed for rents or for an accounting. The referee found upon all the issues presented by the pleadings. It is not claimed that any evidence was offered as to the value of the rents, or any basis suggested upon which they could be computed, or the referee or the court asked to make a finding thereon. Under these circumstances the trial court was not called upon to consider such question, and committed no error in ignoring it. The judgment is affirmed. All the judges concur.