**FISHER v. REORGANIZATION INV. CO. et al.**

**In re GRAND NAT. BANK OF ST. LOUIS, MO.**

**No. 11494.**

District Court, E. D. Missouri, E. D.

Feb. 23, 1940.

Rubey M. Hulen and Arthur J. Freund, both of St. Louis, Mo., for plaintiff.

Frank A. Thompson and Harold L. Harvey, both of St. Louis, Mo., for defendants Andrew W. Johnson, Andrew W. Johnson, trustee of Jackson Johnson and Minnie W. Johnson Trust, Frank C. Rand, F. C. Rand, trustee, and Willard R. Cox.

Henry B. Pflager and Gustave A. Stamm, both of St. Louis, Mo., for defendant Howard V. Stephens.

Elmer C. Adkins, of St. Louis, Mo., for defendant Andrew H. Kauffman.

Ethan A. H. Shepley, of St. Louis, Mo., for defendant Reorganization Inv. Co.

·MOORE, District Judge.

The plaintiff, as receiver of the Grand National Bank, seeks to recover from the defendant, Reorganization Investment Company, a corporation, $246,700 and interest thereon from May 31, 1934, at the rate of six per cent per annum, the same being an assessment of one hundred per cent on 2,467 shares of stock of the said Grand National Bank which closed on March 3, 1933, at which time, and ever since July 29, 1929, had been registered in the name of Ben G. Brinkman.

The suit was brought not only against the Reorganization Investment Company but also against certain individuals alleged to have been partners of Lorenzo E. Anderson & Company, a brokerage firm, which, prior to its failure in January of 1931, had been engaged in the brokerage business for several years in the City of St. Louis.

Some of these individual defendants were admittedly partners, and it was alleged that certain other defendants were also partners by virtue of their connection with a corporation which furnished capital funds to Lorenzo E. Anderson.

The plaintiff has taken the position in this case that, at the time of its failure, the partnership of Lorenzo E. Anderson & Company was the beneficial owner of the 2,467 shares of Grand National Bank stock mentioned above, and that shortly after its failure the defendant Reorganization Investment Company acquired and became the beneficial owner of the stock, and remained such beneficial owner of the stock until after the failure of the Grand National Bank in March, 1933, and after the assessment on the stock referred to hereinafter.

In view of this position taken by the plaintiff, it is unnecessary for the court to determine or make any finding as to who were the partners of Lorenzo E. Anderson & Company at the time of its failure in January, 1931.

The sole question for the court to determine in this case is whether, at the time of the failure of the Grand National Bank and the one hundred per cent assessment upon its stockholders, the Reorganization Investment Company (a corporation) was the beneficial owner of this stock. If it was, there should be a decree against it; if not the bill should be dismissed.

The Grand National Bank mentioned above, was organized on June 15, 1922, as a National banking association, under the laws of the United States, and it continued to do business as a national bank in St. Louis until March 3, 1933, at which time it failed. Sometime later the Comptroller

of the Currency of the United States took charge of the Bank in accordance with the law, and a receiver was appointed; and sometime thereafter the plaintiff in this case was appointed successor receiver of the Bank, and has continued as such ever since.

After the Bank closed on March 3, 1933, the Comptroller of the Currency of the United States reached the conclusion that it was necessary to enforce the individual liability of the stockholders of the Bank to the extent of the par value of each share of stock of the Bank held and owned by the stockholders on the date of its failure, March 3, 1933.

The Comptroller of the Currency made an assessment and requisition on the stockholders of the Bank for a one hundred per cent assessment to be paid on or before May 31, 1934, and demanded of each stockholder an amount equal to the par value of the stock owned at the time of the failure of the Bank, together with six per cent interest thereon, and the Comptroller directed that suits be brought to recover the assessment against the stockholders who failed to pay.

The defendant, Reorganization Investment Company is now, and was at the time the suit was instituted, a corporation which was organized in the early part of 1931. It was organized for the purpose of acquiring all the assets which had been owned by the partnership firm of Lorenzo E. Anderson & Company, which at that time had been engaged in the general brokerage business, dealing in stocks and bonds in the City of St. Louis for several years.

On the failure of Lorenzo E. Anderson in January, 1931, a receiver was appointed by the Circuit Court of the City of St. Louis to take charge of its affairs. This receiver took possession of all the assets of the partnership firm of Lorenzo E. Anderson & Company, and very shortly thereafter, and during the first part of the year 1931, under the orders of the Circuit Court of the City of St. Louis, the receiver sold and transferred all of these assets in his possession to the said Reorganization Investment Company, defendant herein. In this way the Reorganization Investment Company became the owner of all the property which had belonged to the partnership firm of Lorenzo E. Anderson & Company, and if the partnership firm of Lorenzo E. Anderson & Company had been the bene-

ficial owner of the Grand National Bank stock involved in this case, it is assumed the ownership of it would have passed to the Reorganization Investment Company together with all of its other assets.

The plaintiff takes the position that the partnership firm of Lorenzo E. Anderson & Company at the time of its failure was the beneficial owner of these 2,467 shares of Grand National Bank stock and that the Reorganization Investment Company acquired it in the first part of 1931 and was the owner of it at the time of the failure of the Grand National Bank two years later, March 3, 1933.

The Reorganization Investment Company, on the other hand, takes the position that Lorenzo E. Anderson & Company, at the time of its failure, did not own this stock, but held it, together with the stock of three other banks, as pledges to secure a large indebtedness owed to Lorenzo E. Anderson & Company by the Vandeventer Securities Corporation (a corporation), and that this account against the Vandeventer Securities Corporation, so secured by their bank stocks, was acquired by the Reorganization Investment Company which continued to own the account and to hold the bank stocks as collateral security to the account; hence that the Reorganization Investment Company did not acquire and become the owner of this 2,467 shares of Grand National Bank stock and never was the beneficial owner thereof.

The Reorganization Investment Company further takes the position that this Grand National Bank stock, together with the other three bank stocks held as collateral aforesaid, belonged to the Vandeventer Securities Corporation and that it continued to own it and owned it at the time of the failure of the Grand National Bank and the assessment hereinabove mentioned.

The Reorganization Investment Company further takes the position that the Vandeventer Securities Corporation acquired this 2,467 shares of Grand National Bank stock together with the three other bank stocks in the latter part of May, 1930, from the Sheridan Securities Company (a corporation), which at the time owned the bank stocks.

In these cases it is quite clear that the person in whose name the stock is registered is liable for the assessment, and the actual beneficial or true owner of the

stock is also liable for the assessment. Case v. Small, C.C., 10 F. 722.

The evidence offered at the trial for the purpose of showing the true ownership of this stock, while somewhat intricate, is quite clear when thoroughly understood and considered.

In the Fall and early Winter of 1928 the Liberty Central Trust Company of St. Louis acquired and became the owner of this 2,467 shares of Grand National Bank stock. Felix Gunter was the President of the Liberty Central Trust Company, William C. Connett was its Vice-President and General Counsel.

Arthur C. Hilmer was the senior and leading partner of the firm of Lorenzo E. Anderson & Company and was also associated with Gunter as a director of the Liberty Central Trust Company.

The Liberty Central Trust Company upon acquiring this, paid for it the sum of $493,454.46, and it was held by it (or one of its subsidiaries) until February 13, 1929.

At that time negotiations were pending for a merger between the Liberty Central Trust Company and the First National Bank in St. Louis, and it was known by the officers of the Liberty Central Trust Company that the stock in the Grand National Bank would not be considered as an acceptable asset. The Liberty Central Trust Company, therefore, desired to dispose of the stock. A few days prior to February 13, 1929, Gunter, Hilmer and Connett had a meeting in the directors room of the Liberty Central Trust Company to talk over the disposition of this Grand National Bank stock by the Liberty Central Trust Company. Connett testified that at this conference Hilmer and Gunter agreed to buy this stock from the Liberty Central Trust Company, put it together with some other bank stocks which they had just acquired or were acquiring (being stock in the First National Bank of Webster Groves and the Vandeventer National Bank), into a holding company which they would form and then offer the stock in the holding company, and the holding company would operate a chain of banks such as were being operated in Minneapolis and St. Paul at the time. In this way the Liberty Central Trust Company would dispose of this Grand National Bank stock and the merger between it and the First National Bank could be consummated.

Pursuant to this arrangement between Gunter and Hilmer, Gunter and Hilmer on or about February 13, 1929, did purchase this Grand National Bank stock, and Hilmer delivered to the Liberty Central Trust Company the check of Lorenzo E. Anderson & Company for $493,454.46, which was the amount the stock had cost Liberty Central Trust Company, and the amount so advanced for the benefit of Gunter and Hilmer was charged on the books of Lorenzo E. Anderson & Company in the special account of Sheridan Securities Company, which at that time was a corporation with a small capital, and the entire stock of which at that time was held by Gunter and Arthur C. Hilmer. Gunter was President of the corporation.

On February 26, 1929, the 2,467 shares of Grand National Bank stock were delivered by the Liberty Central Trust Company to Lorenzo E. Anderson & Company and were held by it as shown by the account as collateral for the indebtedness of the Sheridan Securities Company, and on February 27, 1929, this Grand National Bank stock was registered on the books of the Bank in the name of Arthur C. Hilmer.

About the 1st of March, 1929, at the request of Gunter, the Grand National Bank stock, together with a debit of $493,454.46 (which represented the purchase price of the stock which had been charged to the Sheridan Securities Company Special Account), was transferred on the books of Lorenzo E. Anderson & Company to an account styled Pence Realty Co., Liberty Central Co., and/or Sheridan Securities Corp. Special No. 2. At this time the Grand National Bank stock was supposed to be a valuable stock and was paying dividends, and at this time a dividend was paid on the stock and the proceeds of the dividend were credited by Lorenzo E. Anderson & Company to the account last above mentioned.

The court is of the opinion that at this time Arthur C. Hilmer and Felix Gunter were the true owners of this Grand National Bank stock, and that one J. J. Frey, who was also a director of the Liberty Central Trust Company, became joint owner with them of this stock about this time.

The evidence shows that in February and March, 1929, there was carried in the account of the Sheridan Securities Company on the books of Lorenzo E. Anderson &

Company as collateral security to its purported indebtedness to Lorenzo E. Anderson & Company, quite a large number of shares of stock of the First National Bank of Webster Groves and the Vandeventer National Bank of St. Louis. These stocks were purchased by Gunter and Arthur C. Hilmer with funds advanced to them or for them by Lorenzo E. Anderson & Company and charged to the account of their corporation, the Sheridan Securities Company, and the two last mentioned bank stocks were held as collateral to the account.

It was these stocks that the evidence indicates Arthur C. Hilmer and Gunter had in mind putting with the Grand National Bank stock into a holding company which they were to form, about which William C. Connett testified. The court is of the opinion that Arthur C. Hilmer and Gunter were also the real true owners at this time of this Vandeventer National Bank stock and also the First National Bank of Webster Groves stock held as collateral in the account or accounts of Sheridan Securities Company on the books of Lorenzo E. Anderson & Company.

In February or March, and certainly before May 7, 1929, J. J. Frey joined with Arthur C. Hilmer and Gunter in the ownership of these three bank stocks, and it was their plan to form some association or syndicate for the purpose of holding these three bank stocks together, with perhaps other bank stocks which they had in mind to acquire.

This syndicate, if it may be so called, opened an account in May, 1929, with Lorenzo E. Anderson & Company in the name of Public Investment Company, J. J. Frey, and they caused to be transferred to this account, to be held as collateral, all of the 2,467 shares of Grand National Bank stock, together with the stock of the First National Bank of Webster Groves and the Vandeventer National Bank stock which they owned, together with a debit balance for the aggregate original advances made by Lorenzo E. Anderson & Company for the purchase of these three bank stocks, plus interest. Duplicate statements of this account were sent to J. J. Frey and to Gunter who, incidentally, never had any interest whatsoever in Lorenzo E. Anderson & Company. There was some evidence to the effect that these three men wanted to name the new holding company "Public Investment Company"; but the name was not available, and so Gunter, Hilmer and

Frey, during the first part of July, 1929, abandoned the idea of forming a holding company under the name of Public Investment Company and determined to transfer these three bank stocks to the Sheridan Securities Company and to raise considerable additional capital for it, in other words, to use it as the holding company.

At this time, that is in July, 1929, the indebtedness which Gunter, Hilmer and Frey owed to Lorenzo E. Anderson & Company in the name of Public Investment Company, and which was secured by the three bank stocks (including the 2,467 shares of Grand National Bank stock), was entirely paid by the Sheridan Securities Company and the three bank stocks became the property of the Sheridan Securities Company, and this was done in the following manner according to the evidence.

These three bank stocks, together with the Lafayette South Side Bank stock, hereinafter referred to, were at the time in question considered good stocks. The Sheridan Securities Company borrowed from the Public National Bank and Trust Company of New York City the sum of $653,000. The entire proceeds of that loan were credited on the syndicate account. Gunter and Arthur C. Hilmer endorsed the note for $653,000 made payable by Sheridan Securities Company to the Public National Bank and Trust Company and some records at the Public National Bank indicated that Lorenzo E. Anderson & Company had agreed to take up the loan when asked to take it up. The balance of the syndicate account, or $150,301.79, was paid for the Securities Company by charging the account of Gunter and Frey each with $50,000 and by a charge of $50,000 to three trading accounts owned or controlled by Arthur C. Hilmer, and the charge of $301.79 to an account on the books of Lorenzo E. Anderson & Company entitled Felix E. Gunter Special Account.

When these three accounts of Hilmer, Gunter and Frey were charged with $50,000 each, the Sheridan Securities Company issued to them what was spoken of in the evidence as interim receipts, calling for stock in the Sheridan Securities Company, and the evidence shows that Gunter and Frey paid up their $50,000 each in cash. In this manner the Sheridan Securities paid off the entire indebtedness owed to Lorenzo E. Anderson & Company by the syndicate, and in consideration thereof

the Sheridan Securities Company took over and became the actual true owner of the three bank stocks mentioned above, including the 2,467 shares of Grand National Bank stock involved in this suit. All three of these bank stocks were pledged at this time to the Public National Bank and Trust Company as collateral to secure the note for $653,000 which the Sheridan Securities Company gave to it for the money borrowed aforesaid. The Sheridan Securities Company, at this time becoming the owner of these 2,467 shares, continued to own them down until May 29, 1930, on which day it turned over this Grand National Bank stock and the other bank stock which it, at that time, owned to the Vandeventer Securities Corporation (a corporation).

When the Sheridan Securities Company acquired this Grand National Bank stock in July of 1929 and the other two bank stocks, further additional capital contributions to the extent of $160,000 were obtained from the following persons:

| | |
|---|---|
| Charles Spalsbury | $50,000.00 |
| Erwin P. and Norman Stupp | 50,000.00 |
| Chester L. Jones | 25,000.00 |
| Dr. Joseph Larimore | 5,000.00 |
| W. E. Pratt | 5,000.00 |
| W. C. Hilmer | 5,000.00 |
| E. H. Hilmer | 5,000.00 |
| J. Clark Coit | 5,000.00 |
| Dr. Omar Sevin | 5,000.00 |

Each of these men was trading with Lorenzo E. Anderson & Company and had a trading account there, and their trading account was charged with the amounts above mentioned, and there was issued to each of them interim receipts calling for stock in the Sheridan Securities Company in the amount for which his account was charged, and the total amount of these contributions of $160,000 was credited on the books of Lorenzo E. Anderson & Company to the account of Sheridan Securities Company, so that Sheridan Securities Company in this manner raised and got credit for the full amount of $160,000.

In July, 1929, Ben G. Brinkman joined Arthur C. Hilmer, Gunter and Frey in purchasing an interest in Sheridan Securities Company. He turned over to the Sheridan Securities Company 500 shares of Lafayette South Side Bank stock at a valuation of $400 per share. Brinkman received for this stock from Sheridan Securities Company $100,000 in cash and he received for the balance of the stock an interim receipt calling for $100,000 of stock in the Sheridan Securities Company.

When this was done, Sheridan Securities Company had issued interim receipts for stock in that Company aggregating $410,000, and the Sheridan Securities Company owned the 2467 shares of Grand National Bank stock involved in this case, the Vandeventer National Bank stock and the First National Bank of Webster Groves stock mentioned above, as well as the 500 shares of Lafayette South Side Bank stock which it had just acquired from Ben G. Brinkman, as mentioned above.

At the time Brinkman became interested in the Sheridan Securities Company it can be assumed he learned what assets it possessed.

He had a $100,000 investment in the capital of the Sheridan Securities Company for which he held an interim receipt calling for stock in that Company.

At this time, that is in July of 1929, the entire 2,467 shares of the Grand National Bank stock involved in this case were registered in Brinkman's name and they continued thereafter to be registered in his name. The 500 shares of Lafayette South Side Bank stock before mentioned which Brinkman sold to the Sheridan Securities Company were forwarded to the Public National bank and Trust Company of New York where it also was held with the other three bank stocks to secure the $653,000 note of the Sheridan Securities Company, payable to that Bank.

After Brinkman became interested in the Sheridan Securities to the extent of $100,000 he was instrumental in having Sheridan Securities Company make a further purchase of 225 shares of Lafayette South Side Bank stock, for which the Sheridan Securities Company paid a substantial amount. At this time, in July of 1929, Brinkman became active in the affairs of the Sheridan Securities Company and tried to bring about a merger between Grand National Bank and the Vandeventer National Bank, and he continued his activities in that respect for quite a long time, even after the failure of Lorenzo E. Anderson & Company. The Sheridan Securities Company also put representatives on the directorate of the Vandeventer National Bank and of the Lafayette South Side Bank and also of the First National of Webster Groves, Gunter arranging with

Andrew Kauffman to go on the board of the last named bank. Brinkman tried on behalf of Sheridan Securities Company to secure representation upon the board of the Grand National Bank, but was never able to do so.

The four bank stocks mentioned above continued to be held by the Public National Bank and Trust Company of New York to secure the indebtedness of the Sheridan Securities until April, 1930. During the month of April, 1930, Lorenzo E. Anderson & Company advanced to the Sheridan Securities Company $653,000 and charged the account of Sheridan Securities Company with the amount, and the loan to the Sheridan Securities Company with Lorenzo E. Anderson & Company shows the receipt into the account of the Sheridan Securities Company of the four bank stocks mentioned above, that is, 2,467 shares of Grand National Bank, 531 shares of First National Bank of Webster Groves, 500 shares of Lafayette South Side Bank and 1251 shares of Vandeventer National Bank, as collateral for the Sheridan Securities account; at this time there was also held to secure the indebtedness of the Sheridan Securities Company the additional 225 shares of Lafayette South Side Bank stock which had been purchased by the Sheridan Securities Company.

During the first part of the year 1930 the men who were interested in the Sheridan Securities Company and held the interim receipts aggregating, altogether, $410,000 decided that they would organize a new corporation to hold these bank stocks, so they had Judge Rhodes E. Cave organize the corporation known as the Vandeventer Securities Corporation.

The first Board of Directors of this corporation was made up of office associates of Judge Cave; it held a Board of Directors' meeting in the office of Judge Cave on May 26, 1930, and the temporary Board of Directors adopted a resolution reading as follows:

"Be it resolved, that 100,000 shares of the capital stock of the corporation be issued to the following named persons for the number of shares set opposite their respective names and that the proper officers of the corporation are hereby authorized to execute and issue to said persons certificates representing said shares and that the St. Louis Union Trust Company as Transfer Agent and Registrar be and it is hereby directed to record and countersign as such Transfer Agent and Registrar the certificates in the names and for the shares as hereinafter set out:

| | | |
|---|---|---|
| Felix E. Gunter | 5000 | shares |
| Jacob J. Frey | 5000 | " |
| Arthur C. Hilmer | 5000 | " |
| Erwin P. Stupp | 5000 | " |
| Chester L. Jones | 2500 | " |
| Dr. Omar P. Sevin | 500 | " |
| Dr. Joseph W. Larimore | 500 | " |
| Murray McConnell | 500 | " |
| Charles P. Spalsbury | 5000 | " |
| Walter E. Pratt | 5000 | " |
| William C. Hilmer | 5000 | " |
| Ben Brinkman | 10000 | " |
| J. Clark Coit | 500 | " |
| Edwin H. Hilmer | 500 | " |
| Lorenzo E. Anderson & Co. | 59000 | " |
| | 100000 | " " |

The Board of Directors held a subsequent meeting on May 29, 1929, at the office of Judge Cave. At this meeting the whole Board of Directors resigned and a new Board of Directors was elected, consisting of the following persons: Ben G. Brinkman, Charles Spalsbury, Erwin Stupp, W. C. Hilmer, Jacob J. Frey, F. E. Gunter, A. C. Hilmer and Rhodes E. Cave. At this meeting Brinkman was elected the President of the Vandeventer Securities Corporation, Spalsbury and Erwin Stupp were elected Vice-Presidents, W. D. Hilmer was elected Secretary and J. J. Frey was elected Treasurer.

At this meeting a resolution was passed cancelling the authorization of the previous meeting providing for the issuance of 59,000 shares of stock to Lorenzo E. Anderson & Company; the resolution however authorized the company to issue and deliver 41,000 shares of its stock in return for the assets of the Sheridan Securities Company, which assets consisted of the four bank stocks mentioned, including the 2,467 shares of stock of the Grand National Bank. This resolution reads as follows:

"Be it resolved that the action of the directors of the Company at the special meeting held on May 26, 1930, in authorizing the issuance of 100,000 shares of the capital stock of the Company to the persons set out in the resolution authorizing such issuance, insofar as said resolution authorizes such issue, authorizes the issue

of 59,000 shares of the stock of the Company to Lorenzo E. Anderson & Company be and it is hereby disapproved."

"Be it further resolved that the officers of the Company be and they are hereby authorized to accept in payment for the other 41,000 shares of the stock of the Company authorized to be issued at said meeting of the directors of May 26, 1930, the assets of the Sheridan Securities Company, having a value in excess of $410,000.00 and consisting in part of 592 shares of First National Bank of Webster Groves, 2467 shares of Grand National Bank, 725 shares of Lafayette South Side Bank, 1251 shares of Vandeventer National Bank, subject to certain indebtedness."

No stock of Vandeventer Securities Corporation was ever issued or delivered to Lorenzo E. Anderson & Company pursuant to the resolution of May 26, 1930, but 41,000 shares of the stock of Vandeventer Securities Corporation were issued to the following persons:

| | | |
|---|---|---|
| Ben G. Brinkman | 10,000 | shares |
| Felix E. Gunter | 5,000 | " |
| Jacob J. Frey | 5,000 | " |
| Arthur C. Hilmer | 5,000 | " |
| Erwin P. Stupp | 5,000 | " |
| Charles B. Spalsbury | 5,000 | " |
| Chester L. Jones | 2,500 | " |
| Dr. Omar P. Sevin | 500 | " |
| Dr. Joseph W. Larimore | 500 | " |
| Murray McConnell | 500 | " |
| Walter E. Pratt | 500 | " |
| William C. Hilmer | 500 | " |
| J. Clark Coit | 500 | " |
| Edwin H. Hilmer | 500 | " |
| | 41,000 | " |

Each of these above mentioned gentlemen upon receiving a certificate for their shares of stock in the Vandeventer Securities Corporation, surrendered his interim receipt which he held calling for stock in the Sheridan Securities Company.

Upon the issuance and delivery by Vandeventer Securities corporation of its stock to the persons above named and the receipt by it from the Sheridan Securities Company of the four bank stocks above mentioned, the Vandeventer Securities Corporation became the owner of the bank stocks which the Sheridan Securities Company had theretofore owned, and one of those bank stocks was the 2,467 shares of Grand National Bank stock involved in this suit.

The Vandeventer Securities Corporation assumed the indebtedness theretofore owed by the Sheridan Securities Company to Lorenzo E. Anderson & Company, and the ledger sheet showing the account of Sheridan Securities with Lorenzo E. Anderson & Company was changed by striking out the name Sheridan Securities Corporation, J. J. Frey and in this account thus changed the four bank stocks mentioned above continued to be carried as collateral security to secure the indebtedness of the Vandeventer Securities Corporation to Lorenzo E. Anderson & Company, and thereafter, on the first day of each month, a statement was sent to Vandeventer Securities Corporation, care of J. J. Frey, showing the debit balance owed by the Company to Lorenzo E. Anderson & Company and showing that the four bank stocks were held as security to the indebtedness.

During the last month of 1930 Haskin & Sells were conducting an audit of the books of Lorenzo E. Anderson & Company and on December 31, 1930, the Vandeventer Securities Corporation, B. G. Brinkman, President, certified to Haskin and Sells that it was indebted to Lorenzo E. Anderson & Company in the sum of $745,997.34, and further acknowledged that Anderson & Company was holding as collateral security to this indebtedness the four bank stocks mentioned above, which consisted of 582 shares of First National Bank of Webster Groves, 2,467 shares of Grand National Bank, 725 shares of Lafayette South Side Bank, 1,271 shares of Vandeventer National Bank. This was more than two years before the failure of the Grand National Bank. Brinkman was the largest stockholder of the Vandeventer Securities Corporation. He had $100,000 invested in the Company; he was its President and quite active in its affairs. Both before and after the failure of Lorenzo E. Anderson & Company the evidence shows, Brinkman acted as if the Vandeventer Securities Corporation owned those four bank stocks.

If the Vandeventer Securities Corporation did not own these four bank stocks, including Grand National Bank stock, then there would seem to have been nothing behind the $100,000 investment of Brinkman.

The same might be said in regard to the $50,000 investments of Gunter, Frey, Spalsbury, the Stupps and the other smaller stockholders of the Vandeventer Securities

Corporation. If the Vandeventer Securities Corporation did not own these stocks, including the Grand National Bank stock, they had nothing for their respective investments, and none of these stockholders, except the Hilmers, had any financial interest or any connection other than as traders with Lorenzo E. Anderson & Company.

In March of 1931 Brinkman prepared and executed an income tax return for the Vandeventer Securities Corporation. for the year 1930, W. C. Hilmer, the Secretary of the Vandeventer Securities Corporation furnished Brinkman with a financial statement of the Company from which the return was made, and this financial statement contained a schedule of the assets of the Vandeventer Securities Corporation and included the 2,467 shares of Grand National Bank here in issue.

On January 31, 1931, the firm of Lorenzo E. Anderson & Company went into receivership, and during the month of February, 1931, all of its assets were conveyed, as hereinbefore stated, to the Reorganization Investment Company.

C. D. P. Hamilton was the Manager of the Reorganization Investment Company and as such it was his business to try to collect the account against the Vandeventer Securities Corporation.

At Gunter's request a meeting was called with him of officers and owners of the Vandeventer Securities Corporation, at which meeting with Hamilton, Brinkman, Gunter, Frey and the Stupps were present. These men admitted to Hamilton that the Vandeventer Securities Corporation owed the account and admitted that the securities in the account were up as collateral to the indebtedness, among them being this 2,467 shares of Grand National Bank stock. Mr. Hamilton's testimony to these admissions stands unrefuted.

Mr. Hamilton continued his efforts to realize on this account against the Vandeventer Securities Corporation, and, with the written permission of the Vandeventer Securities Corporation, he sold the stock of the Vandeventer National Bank and the First National Bank of Webster Groves, and the amounts received from the sale of these stocks was credited to the account of the Vandeventer Securities Corporation.

The other two stocks, however, to-wit, this 2,467 shares of Grand National Bank stock and the 725 shares of Lafayette South Side Bank stock, were never sold and remained as collateral to the account continuously thereafter.

Lorenzo E. Anderson & Company from time to time re-pledged the stock to others to secure its own indebtedness, and at the time of the failure of Lorenzo E. Anderson this 2,467 shares was re-pledged by Lorenzo E. Anderson & Company as follows: To the Chatham Phoenix Bank 1,100 shares; Bank of New York & Trust Company 200 shares; Continental Illinois Bank 400 shares; Chase National Bank 200 shares; Mercantile-Commerce Bank & Trust Co., 567 shares. The stock in this instance was re-pledged for a greater amount than that for which the stock was pledged to Lorenzo E. Anderson & Company. All of these 2,467 shares were later redeemed by the Reorganization Investment Company upon the payment by it of the various notes to secure which the stock had been re-pledged.

The stock had been re-pledged to secure the notes, together with other collateral, and after the notes were paid off by the Reorganization Investment Company, the stock went back into the possession of the Reorganization Investment Company and was held by it as collateral to secure the account of the Vandeventer Securities Corporation.

There is no evidence to show whether this re-pledging was ever formally authorized. While it was owned by the Vandeventer Securities Corporation the stock was split up into twenty-six certificates in Brinkman's name, and Brinkman, its President, knew that the division was to facilitate a re-pledging of the stock by Lorenzo E. Anderson & Company and no objections were ever made to the re-pledging of this stock by Lorenzo E. Anderson & Company.

The plaintiff infers that the re-pledging of this stock by Lorenzo E. Anderson & Company for a greater amount constituted a conversion of the stock and that Lorenzo E. Anderson & Company thereby having converted the stock to its own use became the owner of it and hence the Reorganization Investment is liable in this suit. This position is untenable. In the first place no wrongful act was shown since no evidence was adduced to show want of authority on the part of Lorenzo E. Anderson & Company to re-pledge for a greater amount. This is

one of the constitutive elements of a conversion, and plaintiff must, therefore, show want of authority. 65 C.J. 14, 102; Perry v. Musser, 68 Mo. 477; Amick v. Empire Trust Co., 317 Mo. 157, 296 S.W. 788, 53 A.L.R. 1064; Cowen v. Voyer, 79 App.Div. 638, 80 N.Y.S. 29; Van Dusen & Co. v. Arnold, 5 S.D. 588, 59 N.W. 961.

Even though plaintiff had shown the repledge to be wrongful, there was no conversion since the pledgor did not tender payment of its indebtedness or demand a return of the stock. Such tender and demand must be made before any conversion takes place. Amick v. Empire Trust Co., supra; Nevins v. Moore, 221 Mo. 330, 120 S.W. 43; McClintock v. Central Bank, 120 Mo. 127, 24 S.W. 1052; Schaaf v. Fries, 90 Mo.App. 111.

Even assuming a conversion took place, it was waived by Vandeventer Securities Corporation. Montgomery v. Van Ronk, 328 Pa. 508, 195 A. 910.

Assuming that there was a conversion of the stock and that such conversion was not waived, Lorenzo E. Anderson & Company nevertheless did not become the owner of the stock.

A conversion of the property does not render the wrongdoer the owner thereof until the true owner has elected to treat the wrongdoer as an involuntary purchaser. In re Mills, 125 App.Div. 730, 110 N.Y.S. 314, affirmed 193 N.Y. 626, 86 N.E. 1128; Tompkins v. Morton Trust Co., 91 App. Div. 274, 86 N.Y.S. 520, affirmed 181 N.Y. 578, 74 N.E. 1126; Wood v. Fisk, 215 N.Y. 233, 109 N.E. 177.

After a careful review of the evidence, the Court is of the opinion that at the time of the failure of Lorenzo E. Anderson & Company in January, 1931, and thereafter, the record owner of the 2,467 shares of Grand National Bank stock was Ben G. Brinkman and that at that time the true beneficial owner of the stock was the Vandeventer Securities Corporation, which had acquired the same on May 29, 1930, from the Sheridan Securities Company, which on that date owned it.

This being so, the Reorganization Investment Company did not become the beneficial owner of this stock when it acquired the assets of Lorenzo E. Anderson & Company, and the plaintiff's bill should be dismissed.

It is so ordered.