**464**

Edward H. Coulter, of Little Rock, Ark. (Jay M. Rowland and Roy Mitchell, both of Hot Springs, Ark., Kenneth W. Coulter and Boone T. Coulter, both of Little Rock, Ark., on the brief), for appellant.

William H. Allen, of Washington D. C., Atty., Department of Justice, (Sam Rorex, U. S. Atty., of Little Rock, Ark., Julius C. Martin, of Washington, D. C., Director, Bureau of War Risk Litigation, and Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment for the defendant in a suit upon a war risk insurance policy. Premiums were paid on the policy keeping it in force until the end of September, 1927. The only issue upon the trial was whether the veteran became totally and permanently disabled as alleged on September 4th of that year. The case was tried to the court without a jury. The court found that plaintiff was not permanently and totally disabled as alleged; that it was uncertain whether his disability at the time of the trial grew out of his excessive use of narcotics and alcohol or the disabilities complained of; and that it was probable that with full cooperation on his part and with freedom from narcotics and alcohol such disabilities would have been relieved. The plaintiff contends that the court erred in each of these findings.

The burden was on plaintiff to show total and permanent disability on the date alleged. Glick v. United States, 7 Cir., 93 F.2d 953, 958; Eggen v. United States, 8 Cir., 58 F.2d 616; Miller v. United States, 294 U.S. 435, 442, 55 S.Ct. 440, 79 L.Ed. 977. The case having been tried without a jury, unless the findings of the court upon which the judgment is based are clearly erroneous, the judgment cannot be reversed. Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff enlisted in the United States army June 27, 1918, and was discharged December 16, 1918. On his discharge plaintiff stated that he was suffering from no wound or other disability, and the medical officer reported that he had made a careful examination and found the soldier physically and mentally sound.

The complaint was filed January 5, 1931. For some immaterial reason the case was not tried until 1940. The complaint charged that on or about September 4, 1927, plaintiff underwent a serious operation for hemorrhoids, anal fissure, and chondromata around anus, and that since that date he has been totally and permanently disabled. He complains that since the operation by reason of the intense pain which he has suffered it has been necessary for him to take opiates and that his general nervous system and mental condition have been so shocked that he has been wholly unfit to carry on continuously any gainful occupation.

An extended review of the evidence is unnecessary. It appears that plaintiff suffered from rectal troubles as early as 1919. He was treated by different doctors and in various hospitals. He underwent operations for his rectal troubles at different times and seemed to have recovered therefrom on several occasions. He began drinking alcoholic liquors soon after leaving the service, if not before. The rectal trouble always returned, and he became a narcotic addict as early as 1928. Morphine was prescribed at first to relieve the pain in the anus. At length he required as much as 10 grains of morphine daily.

The medical testimony is in substance that the form of rectal trouble from which plaintiff was suffering is generally curable with proper treatment. It is a reasonable inference from all the evidence that had he submitted to timely treatment and hospitalization and abstained from the use of morphine after he was discharged from the hospitals he would have been able to carry on his work successfully.

Plaintiff underwent an operation September 4, 1927. He remained in the hospital ten or fifteen days thereafter and then stayed at home for the rest of the year. During that period he was no doubt totally disabled. The important question is whether such disability was permanent. "Total disability is permanent if it is founded upon conditions which make it reasonably certain that it will continue throughout life * * * if subsequently [to the lapse of the policy] * * * other conditions arose which made it reasonably certain that the insured could never recover, those later conditions cannot be used to

466

mature a policy which had ceased to exist." Eggen v. United States, 8 Cir., 58 F.2d 616, 618, 619.

The evidence leaves the question of the permanence of plaintiff's disability in September, 1927, in the realm of conjecture. It is consistent with an hypothesis that the disability was at that time permanent and also with an hypothesis that it was temporary. It, therefore, had no tendency to establish either. In this respect plaintiff failed to sustain the burden of proof. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Stevens v. The White City, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699; Eggen v. United States, supra. Under these circumstances it cannot be said that the findings of the court are clearly erroneous.

Plaintiff's work record is consistent with the medical testimony. It does not aid him in sustaining the burden of proof. He is a lawyer. He was prosecuting attorney in a county in Arkansas from 1919 to 1922. He continued in the practice of law in various places with more or less success until 1933 or 1935. His nervous and mental condition from about 1928 grew worse until he finally gave up and quit. His decline in his profession paralleled his increasing use of morphine. It was simultaneous also with his repeated rectal troubles. The blending of his recurring disability with his increasing use of narcotics and with the inability to carry on his work is such that no one in the light of the medical testimony can with reasonable certainty distinguish cause and effect. We have read the record with care, and it abundantly supports the findings and judgment of the court. No good purpose would be served by discussing it at greater length.

Affirmed.