## ADAIR v. REORGANIZATION INV. CO.
### No. 11974.

Circuit Court of Appeals, Eighth Circuit.

Feb. 24, 1942.

---

Ruby M. Hulen, of St. Louis, Mo. (Arthur J. Freund, of St. Louis, Mo., and Mr. A. D. Sappington, of Columbia, Mo., on the brief), for appellant.

Ethan A. H. Shepley, of St. Louis, Mo. (Harold L. Harvey, of Marshall, Mo., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and REEVES, District Judge.

THOMAS, Circuit Judge.

This is a suit by the receiver of the Grand National Bank of St. Louis, Missouri, to recover from the alleged beneficial owner of 2,476 shares of stock a 100% assessment. There was a judgment for the defendant and the receiver appeals.

The Grand National Bank of St. Louis was a national banking association organized under the banking laws of the United States. It failed on March 3, 1933, and was thereafter taken over by the Comptroller of the Currency. A receiver was appointed; and a 100% assessment was made on April 23, 1934, payable May 31, 1934. At the time the bank failed the stock involved in this suit stood on the books of the bank in the name of Benjamin G. Brinkman. Both parties concede

that Brinkman was not the actual owner of the stock. It was alleged and is contended by the plaintiff that Lorenzo E. Anderson & Company, a partnership engaged in a stock brokerage business in St. Louis, was Brinkman's undisclosed principal and the actual and beneficial owner of the stock; that Anderson & Company failed January 21, 1931; that thereafter the defendant Reorganization Investment Company, a corporation, was formed to acquire and did acquire all of the assets of Anderson & Company; and that at the time the assessment was made the defendant was the actual and beneficial owner of the stock. The defendant denied that Anderson & Company ever owned or that the defendant ever acquired ownership of the stock.

The law controlling the decision of the case is not in dispute. The parties agree that the actual or beneficial owner of the stock of a failed national bank is liable for an assessment legally imposed by the Comptroller of the Currency. On this appeal the contentions of the plaintiff which the defendant disputes are (1) that the findings of fact of the trial court are not supported by competent evidence, and (2) that Anderson & Company, assuming that it did not purchase the stock, nevertheless by certain unauthorized acts converted the stock to its own use, making the defendant liable as owner.

■ The burden was on the plaintiff to establish by a preponderance of the evidence that Anderson & Company was the actual owner of the 2476 shares of stock in question. To sustain this burden plaintiff introduced circumstantial evidence which he claims warrants no inference other than that Anderson & Company purchased the stock in the fall of 1928; that Anderson & Company then sold the stock to the Liberty Central Trust Company of St. Louis, hereinafter called the Trust Company; that the contract of sale provided that Anderson & Company would repurchase the stock upon demand and that in February, 1929, upon demand of the Trust Company, Anderson & Company did repurchase the stock and continued to own it until the date of its failure in 1931. Evidence of the handling of the stock from 1929 until the time of the failure of Anderson & Company was introduced to show, it is claimed, that during that period Anderson & Company controlled the stock and dealt with it as owner. This evidence is also circumstantial, and is material only as corroborative of the original alleged ownership of Anderson & Company. It is not pleaded as an estoppel.

There is no dispute as to the fact that the Trust Company acquired the stock in the fall of 1928 at a cost of $493,454.46. Such fact would be immaterial except for the claim that the stock was purchased from Anderson & Company upon condition that Anderson & Company would repurchase it on demand and that subsequently upon demand being made in February, 1929, Anderson & Company did repurchase it. Whether such a contract existed and whether such a demand was made are the most important questions presented on this appeal.

The record discloses that on October 26, 1928, the Trust Company adopted a resolution authorizing its officers to purchase 51% of the capital stock of the Grand National Bank. W. C. Anderson, a vice president of the bank and not connected with Anderson & Company, collected and turned over to Anderson & Company 2,476 shares of the bank stock. Anderson & Company furnished the money to pay for the stock and charged the amounts paid to the account of the Sheridan Securities Company. When the stock was delivered to the Trust Company and payment was received, Anderson & Company credited the Sheridan Securities Company with the amount received. At this time A. C. Hilmer was the managing partner of Anderson & Company and a stockholder and director of the Trust Company. Felix E. Gunter was president of the Trust Company. Hilmer and Gunter owned all, or practically all of the stock of the Sheridan Securities Company. There is no evidence to the effect that the partnership of Anderson & Company had any interest in the transaction, nor that it sold the stock to the Trust Company or agreed to repurchase it on demand. The evidence sustains the finding of the court that there was no such agreement and that no such demand was made.

On February 13, 1929, Anderson & Company issued its check to the Trust Company for $493,454.46. On February 26, 1929, the 2,467 shares of Grand National Bank stock were delivered to Anderson & Company, and on February 27th were registered in the name of Arthur C. Hilmer. Anderson & Company entered the transaction upon its books as an advance-

ment for the Sheridan Securities Company for which it held the stock as collateral security.

It is charged by the plaintiff that the entries on Anderson & Company's books are sham; that the Sheridan Securities Company was a mere dummy; and that in reality Anderson & Company actually repurchased the stock in fulfillment of its previous alleged agreement with the Trust Company to do so on demand. The difficulty with plaintiff's position is that it is founded upon suspicion, with no substantial evidence to support it. The explanation of these transactions given in the testimony of the men who participated in them is not only plausible but reasonable. The undisputed testimony is that Arthur C. Hilmer and Felix E. Gunter, both officers of the Trust Company, purchased the stock from the Trust Company, borrowed the money from Anderson & Company to pay for it and carried it on the books of the bank in the name of Hilmer and on the books of Anderson & Company as an asset of the Sheridan Securities Company of which they were the owners. The finding of the court based upon such substantial evidence is not erroneous.

There is no claim that the stock was transferred to Anderson & Company subsequent to February, 1929, and there is no evidence of such a transfer. We shall review briefly the findings and the evidence relating to the transactions subsequent to that date for the reason that counsel for plaintiff earnestly contend that these transactions disclose such control over the stock by Anderson & Company as to compel an inference that Anderson & Company was the owner.

The testimony of apparently disinterested officers of the Trust Company and of the auditor of Anderson & Company supports the finding of the court that in February, 1929, negotiations were pending looking to a merger of the Trust Company with the First National Bank of St. Louis. The ownership by the Trust Company of the 2,476 shares of the Grand National Bank proved to be an obstacle. Hilmer and Gunter as stockholders of the Trust Company were interested in the success of the negotiations. To remove the obstacle they planned to purchase the 2,476 shares of stock and to create a holding company to hold this and certain stocks in other banks. The first step in carrying out this plan was taken when Hilmer and Gunter purchased the stock from the Trust Company in February, 1929, and caused it to be registered in Hilmer's name. At that time they borrowed the purchase price from Anderson & Company and pledged the stock as collateral security. At first the account was at Hilmer and Gunter's request carried in the name of the Sheridan Securities Company on the books of Anderson & Company. In March the account was transferred on the books to "Penco Realty Co., Lib. Cent. Tr. Co., and/or Sheridan Securities Corp. Special No. 2." Other bank stocks owned by Hilmer and Gunter were carried in like manner and pledged to Anderson & Company to secure their indebtedness.

J. J. Frey, a director of the Trust Company, joined Hilmer and Gunter in the proposed enterprise of creating a holding company for bank stocks. They proposed to call the new corporation the Public Investment Company. In May, 1929, they caused the account with Anderson & Company to be transferred into the name of the proposed new corporation. Finding that the name could not be used, the new company was not incorporated. The stock was again transferred to the Sheridan Securities Company account and from there to the account of the Vandeventer Securities Corporation, a new corporation organized by Hilmer and Gunter and their associates.

During the time these transfers were being made on the books of Anderson & Company at the request of Hilmer and Gunter the stock was at one time pledged to a New York bank to secure a loan to Anderson & Company. Later it was pledged to secure a loan to the Sheridan Securities Company, and the indebtedness of the owners to Anderson & Company was paid in full. For a period in 1930 the stock did not appear on the books of Anderson & Company. Again, however, and prior to the failure of Anderson & Company, the stock was transferred to the name of Brinkman, an associate of Hilmer and Gunter, and pledged to Anderson & Company as collateral for a loan. The stock was thereafter broken down into several certificates and repledged by Anderson & Company to different creditors for loans which in the aggregate exceeded the amount for which the stock was pledged to Anderson & Company.

It is unnecessary to trace the transfers and uses of this stock as col-

lateral during this period in greater detail. The only question is whether Anderson & Company was the actual owner of the stock. The court found that it was not owned by Anderson & Company at any time. The burden was on plaintiff to establish its ownership, and his proof failed. The stock never appeared on the books of any one dealing with it as the property of Anderson & Company, and the evidence does not compel the inference that it was. In Cudahy Packing Co. v. National Labor Relations Board, 8 Cir., 116 F.2d 367, 371, this court said: "It is not necessary in establishing a necessary fact by circumstantial evidence that a party upon whom the burden of proof rests shall present evidence to dispel all contradictory inferences. It is necessary, however, that such party produce evidence of facts and circumstances which may be accepted by the trier of the fact as establishing with reasonable certainty the truth of the inference contended for." If the proven facts give equal support to each of two inconsistent inferences then judgment must go against the party upon whom rests the necessity of sustaining one of these inferences. The essential inference cannot be left to conjecture and speculation. Southern R. Co. v. Stewart, 8 Cir., 119 F.2d 85, 89; Hoskins v. United States, 8 Cir., 120 F.2d 464, 466.

It was the duty of the trial court to pass upon the weight of the evidence and the credibility of the witnesses in the first instance, and its findings are presumptively correct, unless some obvious error of law has intervened or some serious mistake of fact has been made. Silver King Coalition Mines Co. v. Silver King C. M. Co., 8 Cir., 204 F. 166, Ann.Cas. 1918B, 571. Unless the findings of the court upon which the judgment is based are clearly erroneous, the judgment cannot be reversed on appeal. Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Here there is no direct proof that Anderson & Company ever controlled as owner the stock of the Grand National Bank; and the inference of such ownership is not warranted. The finding of the trial court is not, therefore, subject to the charge directed against it.

Plaintiff's second contention, namely, that Anderson & Company converted the Grand National stock, presents a point of law only. The fact is undisputed that Anderson & Company from time to time repledged the 2,476 shares of Grand National stock in various amounts to others to secure its own indebtedness. The stock was repledged for an amount greater than that for which it was pledged to Anderson & Company. There is no proof whether or not the repledge was authorized by the pledgor. The court found that the president of Vandeventer Securities Corporation was aware of the repledge, and that at no time did Sheridan Securities Company or Vandeventer Securities Corporation ever make any demand upon Anderson & Company for surrender of the stock nor did they, or either of them, tender payment of the indebtedness to Anderson & Company or to the defendant.

The burden of proof was upon the plaintiff to prove every fact essential to his right to recover on the theory of conversion. 65 C.J. § 178, p. 102. Anderson & Company had a right to repledge the stock for an amount equal to the sum for which the stock was pledged to it. Provost v. United States, 269 U.S. 443, 46 S.Ct. 152, 70 L.Ed. 352; Wright v. Blank, 9 Cir., 20 F.2d 591, 592. But the shares could not properly be pledged for a greater amount than the pledgee's loan without the authority or consent of the pledgor. 12 C.J.S., Brokers, § 31, pp. 78, 79. Nonconsent of the pledgor is indispensable to constitute any use of pledged property a conversion. 65 C.J. § 5, p. 14; Van Dusen & Co. v. Arnold, 5 S.D. 588, 59 N.W. 961; Perry v. Musser, 68 Mo. 477; Amick v. Empire Trust Co., 317 Mo. 157, 296 S.W. 798, 53 A.L.R. 1064. In this instance there is no proof of want of authority, or nonconsent of the owner.

Under Missouri law it would not be sufficient to show only want of authority to repledge or the nonconsent of the pledgor. The proof must also show tender of payment of the secured debt and demand for the return of the pledged property by the pledgor before conversion can be established. Amick v. Empire Trust Co., supra; Nevius v. Moore, 221 Mo. 330, 120 S.W. 43; McClintock v. Central Bank, 120 Mo. 127, 24 S.W. 1052; Schaaf v. Fries, 90 Mo.App. 111. Contra, see In re Salmon Weed & Co., 2 Cir., 53 F.2d 335, 79 A.L.R. 379.

Without deciding whether plaintiff is in a position to raise the question of conversion, since the court found that Anderson & Company was not the owner of the stock, and there is no showing that the

real owner ever complained, we hold that plaintiff's contention fails because he has not sustained the burden of proof cast upon him by law.

The judgment appealed from is affirmed.